■ MARY B. STRATER, Appellant, v. NICHOLAS A. STRATER, Respondent. ARLEN G. LOSELLE, Appellant, v. NICHOLAS A. STRATER, Respondent. ROGER V. PUGH, JR., Appellant, v. NICHOLAS A. STRATER, Respondent.— Orders, entered on March 4, 1964, unanimously reversed, on the law, with $20 costs and disbursements to appellants, and motions to vacate orders of attachment

denied, with $10 costs. The orders of attachment were granted upon the ground that the defendant was not a resident or domiciliary of the State. (See CPLR 6201, subd. 1.) Residence for attachment purposes "means the actual abode of the defendant at the time the warrant is granted. * * * residence comprehends no more than a fixed abode where one actually lives for the time being, something more than merely a place of temporary sojourn * * * [and] temporary sojourn in the state do not affect status as a nonresident for the purpose of attachment." (10 Carmody-Wait, New York Practice, §§ 18, 19, pp. 44, 45.) The defendant's broad statement that since on or about 1957 he had been a tenant of his mother at her apartment in New York City and a resident here in New York is not supported by the record. It very clearly appears that, in 1961, he deliberately abandoned any residence he may have had in New York City and established York Harbor, Maine, as his sole place of abode. It does not appear that the defendant at any time thereafter changed his "place of abode"; and, if he returned to the apartment of his mother in New York, such return was merely in the nature of a "temporary sojourn" without the intent to make New York a "place of abode". The defendant's claim now of a residence in the State of New York seems nothing more than a mere afterthought seized upon solely for the purpose of avoiding the payment of the obligations involved in this action and in the companion suits. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.