■ OBEX TRADING CORPORATION, Respondent, v MARAVEN, S. A., Appellant.—Order, Supreme Court, New York County, entered September 19, 1978, denying defendant-appellant's motion to dismiss the complaint on the ground of *forum non conveniens* unanimously reversed, on the law, on the facts and in the exercise of discretion, and the motion granted on condition defendant serves notice on plaintiff, within 20 days after service upon it by plaintiff of a copy of the order to be settled hereon with notice of entry, stipulating that it will not challenge jurisdiction of the Netherlands court and will not object to the taking in New York, for use in the Netherlands action, of depositions of witnesses who reside in or have offices in New York, with costs and disbursements awarded to appellant. In the event of defendant's failure to comply with these conditions, the order is unanimously affirmed, without costs and without disbursements. This suit stems from defendant's alleged wrongful repudiation of a contract, negotiated through discussions and telexes in Venezuela and England, to sell 150,000 barrels of natural gasoline to plaintiff, a Panamanian corporation. Defendant is a Venezuelan corporation. Neither party is authorized to do business in New York nor maintains offices here and the cargo was not destined for New York. Payment was to be made, in United States dollars, to defendant's account "with the Chase Manhattan Bank, New York * * * against backing by an irrevocable letter of credit in first class bank USA, opened five days in advance of the date of loading of the tanker" in Venezuela. The Chase Manhattan Bank's belated confirmation of an irrevocable German letter of credit, which had been transferred to plaintiff's Bermuda bank and then to the Chase Manhattan Bank, was the ostensible reason for defendant's cancellation of the contract. These few contacts with New York, unrelated, as they were, to any regular business activity conducted here by defendant, are insufficient to justify New York as a convenient forum. (See, e.g., *Irrigation & Ind. Dev. Corp. v Indag, S. A.,* 37 NY2d 522; *Mollendo Equip. Co. v Sekisan Trading Co.,* 56 AD2d 750, affd 43 NY2d 916.) Moreover, plaintiff has a forum available in the Netherlands, where it has offices and where it has already commenced another action against defendant wherein it makes the same claims as those being advanced in this suit and where defendant has posted substantial security. The record does not demonstrate that forum is an unsuitable one. Plaintiff's interest in deposing employees of the Chase Manhattan Bank can be protected by requiring defendant to agree to the taking of such depositions in New York. Settle order. Concur—Murphy, P. J., Markewich, Silverman, Lynch and Yesawich, JJ.