■ HARRY EISENBERG, Appellant, v CITATION-LANGLEY CORPORATION, Defendant, and JERROLD BRANDT, Respondent. — Order of the Supreme Court, New York County (Glen, J.), entered November 16, 1982, which vacated an order of attachment previously granted ex parte by the Supreme Court, New York County (Riccobono, J.), on July 16, 1982, is unanimously affirmed, with costs. In 1977, the Legislature enacted CPLR 6211 (subd [b]) to comply with the claims that the existing attachment procedure unconstitutionally deprived debtor defendants of a prompt hearing after an ex parte attachment. (See *Sugar v Curtis Circulation Co.*, 383 F Supp 643, remanded *sub nom. Carey v Sugar*, 425 US 73.) The statute requires the plaintiff to make a motion on notice to confirm an attachment order, obtained ex parte, no later than five days after the levy. It further imposes on plaintiff the burden of proving the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits. The failure to make a timely motion to confirm is fatal under the section. The issue presented in this action is whether the five-day period to confirm the attachment order runs from the date the first levy occurs regardless of whether the garnishee is in possession of the property or debt sought to be attached or if it runs from the date the order is served on a garnishee who is actually in possession of property belonging to the defendant. We hold that the plaintiff should have moved to confirm the order of attachment within five days from the date the order was served on the first garnishee regardless of whether the garnishee was then holding property belonging to the defendant. As Special Term correctly held and explained: "If, as the plaintiff urges, the five day period to confirm did not begin to run until the

order was served on a garnishee presently holding property belonging to the debtor defendant, under the scheme contained in CPLR section 6214 (b) an unknowing debtor-defendant could have his assets placed in jeopardy of immediate attachment for an extended period of time. Knowing that any assets received from the debtor-defendant might have to be transferred to the Sheriff, it is unlikely that a garnishee not holding property belonging to the defendant would continue to transact business with the debtor-defendant once served with the order of attachment. Consequently, the debtor-defendant would temporarily be deprived of his ability to transfer or alienate his property without notice or an opportunity for an immediate hearing. Such an interpretation of CPLR section 6211 (b) would directly undermine the statute's purpose and raise serious problems regarding the constitutionality of the statute as applied." Concur — Murphy, P. J., Ross, Asch, Milonas and Alexander, JJ. [115 Misc 2d 650.]