■ THADFORD REALTY CO. et al., Respondents, v L. V. INCOME PROPERTIES CORP., Defendant, and H. LAWRENCE REINHARD, III, Appellant. — In an action to recover brokerage commissions, defendant H. Lawrence Reinhard, III, appeals from an order of the Supreme Court, Suffolk County (De Luca, J.), entered March 3, 1983, which denied his motion to vacate an order of attachment dated September 1, 1982. ¶ Order reversed, on the law and facts, with costs, motion granted, and order of attachment vacated. ¶ A few hours after defendant L. V. Income Properties Corp. (vendor) conveyed a parcel of real property to defendant H. Lawrence Reinhard, III (vendee), plaintiffs' ex parte application to attach the vendor's interest in said parcel was granted by order dated September 1, 1982, and entered with the appropriate clerk. The conveyance was not recorded by the vendee until 14 days after the Sheriff effectuated a levy upon the subject property on September 2, 1983, by filing a notice of attachment pursuant to CPLR 6216 with the clerk of the county in which the property is located. ¶ On September 23, 1982, plaintiffs moved to confirm the order of attachment, on notice to the vendor but not the vendee. By that date, plaintiffs had information that the vendee had purchased the subject property and had named the vendee as a party in their action to recover alleged brokerage commissions, albeit a summons and complaint were not served on the vendee until the return date of the motion to confirm. By order dated October 14, 1982, Special Term granted, without opposition, plaintiffs' motion to confirm the order of attachment. Thereafter, the vendee discovered the order of attachment and moved to vacate said order. Special Term denied the vendee's motion to vacate the order of attachment on the ground that the vendee's failure to oppose plaintiffs' motion to confirm constituted a waiver of his objections. ¶ A person having an interest in the attached property, such as the vendee, may move for an order vacating the order of attachment prior to the application of the property to the satisfaction of a judgment (see CPLR 6223). It is not disputed that the vendee was never notified of plaintiffs' motion to confirm. Consequently, there could be no waiver of his objections to said order of attachment. ¶ CPLR 6211 (subd [b]) required the plaintiffs to make a motion, on notice, to confirm the order of attachment within a period not to exceed five days after levy. Where a timely notice to confirm is not made, as in this case, the order of attachment and the levy shall have no further effect (see *Nemetsky v Banque de Developpement de la Republique du Niger*, 64 AD2d 694; *Great White Whale Adv. v First Festival Prods.*, 81 AD2d 704; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6211.09; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 6211:4, p 64). The time period of five days after levy within which the motion to confirm must be brought is the statutory maximum period. The court only has discretion to set a shorter period (see Report of the Judicial Conference of the State of New York to the 1977 Legislature, Legis Doc [1978], No. 90, p 34; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6211.09). Neither the vendor nor the vendee of the subject property are bound by the levy or attachment if the motion to confirm is not

made within five days of the levy, or within a shorter period set by the court. Although a motion to vacate is not required to void the attachment, such a motion is permitted. The vendee, having an interest in the subject property, properly moved to vacate the order of attachment pursuant to CPLR 6223, on the ground, *inter alia,* that plaintiffs' motion to confirm was untimely. Consequently, the court was required to vacate the order of attachment (see CPLR 6211, subd [b]). In view of the disposition of this appeal, the other objections raised by the vendee need not be addressed. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.