(May 16, 1985)

■ DEUTSCHE ANLAGEN-LEASING GMBH et al., Appellants, v EBERHARD KUEHL et al., Respondents. — Order, Supreme Court, New York County (Sherman, J.), entered on December 13, 1984, denying plaintiffs' motion to renew, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion granted and, upon renewal, plaintiffs' order of attachment granted on September 17, 1984 against defendant Kuehl is reinstated unless said defendant, within 30 days from the date of this court's order, posts an undertaking sufficient to secure any judgment which plaintiffs may recover in civil proceedings commenced in Germany or Switzerland, in which event the order of

December 13, 1984 is reversed as aforesaid, only to the extent of granting renewal thereof for the sole purpose of dismissing the action on the ground of forum non conveniens.

Appeal from the order of the Supreme Court, New York County (Sherman, J.), entered November 21, 1984, which denied plaintiffs' motion to confirm and granted defendant Kuehl's cross motion to vacate the prior order of attachment, dismissed as superseded by the appeal from the order of December 13, 1984, without costs.

Plaintiffs Deutsche Anlagen-Leasing GMBH and Deutsche Anlagen-Leasing Immobilien GMBH, West German corporations, have instituted actions against two former chief executive officers, Eberhard Kuehl and Guenter Zoeller, along with a former tax adviser Herbert Paulus. Essentially, it is alleged that while still associated with the plaintiff corporations these three individuals, acting in concert, misappropriated approximately $7,000,000 through fraudulent loans, improper cost allocations and other devices. Civil proceedings have been commenced in Switzerland and West Germany. Although attachments in these countries have been issued, no substantial assets of the defendant Kuehl have been located. A criminal investigation of the defendants' activities has been commenced by the Public Prosecutor of Koblenz, Germany.

On September 17, 1984, plaintiffs obtained an ex parte order of attachment from Supreme Court, New York County, in the amount of $7,880,270 against the defendants. The attachment was issued pursuant to CPLR 6201 (1) for the purpose of securing a judgment on its complaint against Kuehl, Zoeller and Paulus, all of whom are nondomiciliaries residing outside of New York. A Citibank account with a balance of approximately $5,700,000 maintained in New York under the name of Eberhard Kuehl was located and levied upon. Plaintiffs also levied upon another Citibank account of $3,416 maintained by Guenter Zoeller. No assets belonging to Herbert Paulus were located in New York.

Plaintiffs thereafter timely moved to confirm the attachment orders. Paulus and Zoeller defaulted on this motion. Kuehl, submitting to full personal jurisdiction in this State, crossmoved to vacate the order of attachment. Special Term found that the assets levied upon had not been shown to be reasonably related to the actual proceeds of the alleged misappropriation in order to obtain quasi in rem jurisdiction and vacated the order. With regard to Kuehl, this was error. Any lack of quasi in rem jurisdiction was remedied by Kuehl's submission to personal jurisdiction in this State. In order to confirm an attachment

under these circumstances, plaintiffs must demonstrate the grounds for the attachment, the need for continuing the levy and the probability of ultimate success on the merits. (CPLR 6211 [b]; 6223 [b].) In light of Kuehl's nondomiciliary, nonresident status, the liquid nature of the assets under attachment, and the gravity of the legal proceedings in Germany against the defendants, plaintiffs have established a clear necessity for the continuance of the levy against Kuehl's account for security purposes. While we need not pass upon the ultimate merits of the controversy, plaintiffs' substantial allegations of misappropriation by the defendants are more than sufficient to establish a prima facie claim for damages. (*Swiss Bank Corp. v Eatessami,* 26 AD2d 287.) Consequently, it was error on Special Term's part to deny plaintiffs' motion to confirm and grant Kuehl's cross motion to vacate the order of attachment. Inasmuch as the remaining defendants Zoeller and Paulus have not submitted to jurisdiction in New York and plaintiffs have not established that Zoeller's assets which have been attached bear any relation to plaintiff's claims, the motion to confirm was properly denied. (*See, Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65.)

We agree with Special Term that New York is an inconvenient forum for the resolution of the present controversies. The parties and potential witnesses are German, the actions complained of took place primarily in Germany, German law applies and the parties are already engaged in litigation in that Nation. Under the circumstances, and in the exercise of discretion, we deem it proper to stay the action against defendant Kuehl pending resolution of the foreign litigation. (CPLR 2201.) Should defendant Kuehl post an undertaking in those proceedings sufficient to secure any recovery by the plaintiffs, the order to be entered hereon will be modified so as to dismiss the action against him on forum non conveniens grounds.

Settle order. Concur — Murphy, P. J., Kupferman, Carro and Kassal, JJ.