**REFCO F/X ASSOCIATES, INC., Plaintiff,**

v.

**MEBCO BANK, S.A., Defendant.**

**No. 89 Civ. 3071 (WK).**

United States District Court, S.D. New York.

Dec. 11, 1989.

---

Jack Weinberg, Graubard Mollen Dannet Horowitz & Pomeranz, New York City, for plaintiff.

Celia Goldwag Barenholtz, Kronish, Lieb, Weiner & Hellman, New York City, for defendant.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

This action arises out of defendant Mebco Bank's failure to perform its side of currency transactions entered into with plaintiff Refco F/X Associates. Plaintiff obtained *ex parte* an order attaching defendant's account at Swiss Bank Corporation's New York branch. Now before us are plaintiff's motion to confirm that attachment and defendant's cross-motion to dismiss the complaint.

Defendant seeks dismissal on three grounds: (1) pursuant to Fed.R.Civ.P. 12(b)(3) on *forum non conveniens* grounds; (2) pursuant to Fed.R.Civ.P. 12(b)(1) asserting that the attachment should be vacated on the grounds of comity, and that, absent the attachment, the amended complaint fails to allege personal jurisdiction over the defendant; and (3) pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that principles of comity require resolution of plaintiff's claims in Switzerland.

For reasons that follow, we deny defendant's motion to dismiss for *forum non conveniens*. With respect to the other grounds asserted, the motion is denied without prejudice to defendant's seeking relief by means of a § 304 application to the bankruptcy court on or before December 27.

## BACKGROUND

Plaintiff Refco F/X Associates, Inc., a New York corporation with its principal place of business in New York, trades in commodities and currencies. From June 1988 until April 1989, through its London office it entered into currency exchange transactions with defendant Mebco Bank, a Swiss banking corporation with its principal place of business in Geneva. Pursuant to these transactions, the parties purchased foreign currency from each other in exchange for U.S. dollars.

Each currency transaction was accomplished in two stages. First the parties agreed upon an exchange and set a settlement date. Then, on the settlement date, usually several days later, the exchange was accomplished by simultaneous wire transfers. Defendant maintained a New York bank account—now subject to attachment—through which, depending on the transaction, it either paid U.S. dollars to plaintiff or collected them from plaintiff.

This dispute involves various transactions which were to be executed on or after April 27, the date the Swiss Banking Commission placed defendant in liquidation and revoked its banking license. Apparently unaware of the Commission's actions, plaintiff transferred funds to the defendant's New York and foreign accounts in performance of its side of these transactions. Defendant allegedly failed to return performance.

In its complaint, plaintiff demands the return of the funds that it deposited in defendant's account at Swiss Bank and the U.S. dollar equivalent of the foreign currencies for which it has not received payment. Plaintiff asserts that the liquidator instructed all banks holding funds for the defendant not to pay out without also instructing them not to accept funds paid in. Thus, plaintiff contends, defendant accepted performance of transactions knowing it could not return performance.

This contention presents a rather complicated question of fact. Notwithstanding its allegation that the liquidator instructed banks not to make payments on defendant's behalf, Am.Complt. ¶ 24, plaintiff asserted at oral argument that it was the Swiss Banking Commission rather than the liquidator that froze defendant's accounts, Tr. at 6–7. In contrast, the account officer in charge of defendant's New York Swiss Bank account claims that, after learning that defendant's banking license had been revoked, he gave the instructions to stop payments out of defendant's account. Ernest Kung Affid. at ¶ 5.

## DISCUSSION

■ Defendant's motion to dismiss for *forum non conveniens* merits only brief discussion. In support of its contention that Switzerland is the more convenient forum, defendant asserts that it "ha[s] nothing to do with this forum." We disagree. It maintains a bank account in New York through which all of its transactions with the plaintiff were accomplished. The bank records indicating defendant's payment orders and plaintiff's deposits presumably will be of considerable evidentiary value as will the testimony of the bank's officers who allegedly received instructions from the liquidator to withhold payment of funds but were never told not to accept funds on defendant's behalf. Moreover, the funds, to which plaintiff claims a right of reclamation, are here, not in Switzerland. Additionally, we note that plaintiff is a New York corporation with its principal place of business here. In short, defendant has not met its burden of demonstrating that the Southern District of New York would be an inconvenient forum and that plaintiff should be required to pursue its claims in Switzerland.

■ We turn now to the remaining grounds for defendant's motion to dismiss as well as plaintiff's motion to confirm the attachment. To determine whether to confirm the attachment, we must consider the likelihood of plaintiff's success on the merits, *see Deutsche Anlagen–Leasing v. Kuehl* (1st Dep't 1985), 111 A.D.2d 69, 489 N.Y.S.2d 195, 197, which may well turn on the merit of defendant's contention that we should defer to the Swiss proceedings. The decision whether to defer to the foreign proceedings necessarily involves an evaluation of them. *See, e.g., Drexel Burnham Lambert Group Inc. v. Galadari* (2d Cir.1985), 777 F.2d 877; *In re Axona Int'l Credit & Commerce Ltd.* (Bankr.S.D.N.Y.1988), 88 B.R. 597.

We conclude that evaluation of the Swiss proceedings should be conducted in the context of a proceeding instituted in the bankruptcy court pursuant to 11 U.S.C. § 304. Defendant, citing *Cunard Steamship Co. v. Salem Reefer Services* (2d Cir.1985), 773 F.2d 452, argues that a § 304 proceeding is not the exclusive remedy of a bankrupt's foreign representative who wishes to stay or enjoin creditor actions in the United States. However, we note that, in *Cunard,* the Second Circuit found that a § 304 proceeding is the *preferred* remedy, recognizing that "[t]he bankruptcy courts' expertise in bankruptcy matters should prove helpful in appraising foreign bankruptcy proceedings and in determining the effect those proceedings should be given in the United States." *Id.* at 455, 461.

We conclude that § 304 was designed for cases such as this one, and therefore deny the motion to dismiss the complaint with respect to the second and third grounds asserted without prejudice to defendant's seeking relief by means of a § 304 application to the bankruptcy court. Should no such application be made by Wednesday, December 27 (unless an extension of time shall have been granted), the motion to

confirm the attachment will that day be granted.