■ PAT NOTO, Appellant, v ALFONS HOLLE et al., Respondents. (Matter No. 1.) In the Matter of JANE HOLLE, Respondent, v PAT NOTO et al., Appellants. (Matter No. 2.)—In an action, *inter alia,* to recover damages for breach of contract, in which the plaintiff was granted an ex parte order of attachment dated August 31, 1987 (matter No. 1), and a proceeding to determine ownership of "a sailboat named the 'Lady Jane' * * * registered in the name of * * * Jane Holle" and to vacate so much of the ex parte order of attachment as authorized attachment of that sailboat (matter No. 2), Pat Noto appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated August 16, 1988, as, *inter alia,* (1) denied his motion pursuant to CPLR 6211 to confirm the ex parte order of attachment dated August 31, 1987, (2) denied his separate motion pursuant to CPLR 3215 and 3216 for a default judgment against the defendants in matter No. 1, (3) granted the petition in matter No. 2, (4) granted the motion of the defendants in matter No. 1 to vacate the ex parte order of attachment dated August 31, 1987, insofar as it is against their property, (5) directed the Sheriff of Suffolk County to return to the defendants in matter No. 1 and the petitioner in matter No. 2 any property seized pursuant to the ex parte order of attachment, and (6) directed a hearing on the issue of the damages, if any, sustained by the defendants in matter No. 1 and the petitioner in matter No. 2 arising from levies pursuant to the ex parte order of attachment. Fidelity & Deposit Company of Maryland appeals, as limited by its brief, from so much of the same order as granted the petition in matter No. 2.

Ordered that on the court's own motion, the appellants' notice of appeal from so much of the order as directed a hearing is treated as an application for leave to appeal therefrom, said application is referred to Justice Brown, and leave to appeal from that part of the order is granted by Justice Brown (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is modified, on the law, by (1) deleting so much of the first decretal paragraph as denied that branch of the plaintiff's motion in matter No. 1 which was to confirm the ex parte order of attachment dated August 31, 1987, insofar as it is against the property of the defendant Catimex Baumaschinenhandels-Gesellschaft M.B.H., and substituting therefor a provision granting that branch of the motion, (2) deleting so much of the sixth decretal paragraph as granted that branch of the defendants' motion in matter No. 1 which was to vacate the ex parte order of attachment

dated August 31, 1987, insofar as it is against the property of the defendant Catimex Baumaschinenhandels-Gesellschaft M.B.H., and substituting therefor a provision denying that branch of the motion, (3) adding to the seventh decretal paragraph following the words "are, directed to return to defendants", the words "with the exception of the defendant Catimex Baumaschinenhandels-Gesellschaft M.B.H.", and (4) adding to the eighth decretal paragraph following the words "a hearing to determine the damages sustained by defendants", the words "with the exception of the defendant Catimex Baumaschinenhandels-Gesellschaft M.B.H."; as so modified, the order is affirmed insofar as appealed from, and the defendants Alfons Holle and American German Trading Corp. and the petitioner Jane Holle are awarded one bill of costs payable by the appellants.

In August 1986, Pat Noto, the plaintiff in matter No. 1, contracted to purchase construction equipment from the defendant Catimex Baumaschinenhandels-Gesellschaft, M.B.H. (hereinafter Catimex), a West German company. The equipment which ultimately arrived in the United States was not the equipment contracted for, and shortly thereafter it was seized by the Suffolk County Police Department as stolen property. Noto subsequently commenced an action (matter No. 1) against Catimex, to recover damages for breach of contract and fraud. The complaint also included causes of action against American German Trading Corp. (hereinafter American), which apparently refers customers to Catimex, and Alfons Holle, the president of American German Trading Corp. and managing director of Catimex to recover damages for fraud.

Several months after commencement of this action, Noto was informed that Catimex had filed for bankruptcy in Germany. He also learned that Alfons Holle, a German national, was disposing of certain property located in New York, some of which he owned individually and some of which he owned with his wife, Jane Holle, who is apparently an American citizen. Accordingly, in August 1987 Noto obtained an ex parte order of attachment against Catimex, American, and Alfons Holle, which included a provision permitting the attachment of a sailboat allegedly owned by Alfons and Jane Holle jointly.

The Sheriff began levying pursuant to the ex parte order on or about September 1, 1987. Noto then moved to confirm the ex parte order of attachment and for a default judgment against the defendants based upon their failure to appear for

an examination before trial and a status conference. The defendants appeared in opposition to both motions, and cross-moved for summary judgment in their favor and for vacatur of the order of attachment. In addition, Jane Holle commenced a separate proceeding (matter No. 2) against Noto and his surety, Fidelity & Deposit Company of Maryland, seeking, *inter alia*, vacatur of the attachment order and damages for assets wrongfully attached.

By order dated August 16, 1988, the court, among other things, denied Noto's motion to confirm the ex parte order of attachment, vacated the attachment order, and directed a hearing to determine the damages, if any, sustained by the defendants and Jane Holle as a result of any levies. The ex parte order of attachment was vacated on the ground that Noto failed to move for confirmation in a timely fashion *(see,* CPLR 6211 [b]). The court also noted that Noto did not meet his burden of establishing that continuance of the order of attachment was justified *(see,* CPLR 6223 [b]). With respect to the denial of Noto's motion for a default judgment against the defendants, the court found that the defendants established that their failure to appear was inadvertent and that they possessed a meritorious defense. Finally, the court concluded that granting summary judgment in favor of the defendants would be imprudent.

The Supreme Court erred in concluding that vacatur of the ex parte order of attachment was required on the ground that Noto failed to move to confirm it in a timely fashion. The record clearly establishes that Noto served an order to show cause seeking confirmation of the attachment order within the time period proscribed by statute *(see,* CPLR 6211 [b]). Contrary to the defendants' contention, the fact that the order to show cause was subsequently returned to Noto's attorneys by the clerk of the court because it was not accompanied by a written request for judicial intervention, does not alter this result *(cf., Thadford Realty Co. v L. V. Income Props. Corp.,* 101 AD2d 814; *see also,* 22 NYCRR 202.6; Siegel, NY Prac § 77B [1987 Pocket Part]).

We do agree, however, with the court's conclusion that Noto is not entitled to confirmation of the order of attachment with respect to Jane Holle, Alfons Holle, and American, since he failed to establish the probability that he would succeed on the merits as against them *(see,* CPLR 6223 [b]). However, since Noto has sufficiently established the probability of success on his breach of contract causes of action against Catimex, a foreign corporation not qualified to do business in New

York State *(see,* CPLR 6201 [1]), as well as justification for continuing the levy, the ex parte order of attachment should have been confirmed with respect to Catimex (CPLR 6223 [b]).

Finally, we conclude that the court did not improvidently exercise its discretion in refusing to enter a default judgment against the defendants *(see, Glass v Janbach Props.,* 73 AD2d 106, 110; *see also, Conlin v Spath,* 75 AD2d 1019). Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.