■ AMERICAN MARINE INSURANCE GROUP, Respondent, v PRICE FORBES LIMITED et al., Appellants.—Appeal from the order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on June 19, 1989, is dismissed as superceded by the appeal from the order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on January 2, 1990, without costs or disbursements.

Order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on January 2, 1990, which granted reargument of defendants' motion to dismiss or, alternatively, for a stay of this proceeding or a protective order with respect to all discovery and granted reargument of plaintiff's cross motion with respect to the issue of forum non conveniens and, upon reargument, denied the respective motions, is unanimously modified, on the law, the facts and in the exercise of

discretion, to the extent of staying all proceedings in the instant action pending determination of the litigation in Great Britain without prejudice to any of the parties, and otherwise affirmed, without costs or disbursements.

Defendant Anthony Lumsden & Company, Ltd. was an insurance broker in London, England, until it was purchased in October of 1984 by Wigham Poland Marine, Ltd., another British company, which subsequently merged into defendant Price Forbes Limited, also a London-based broker. In June of 1987, plaintiff American Marine Insurance Group, a New York corporation, commenced suit against defendants and other parties in London for their alleged failure to effect appropriate retrocession coverage for its reinsurer, Oceanus Mutual Underwriting Association, Ltd., now in liquidation in Great Britain. The litigation in progress in Great Britain appears to derive from precisely the same transaction that is the subject of the instant action, subsequently instituted in April of 1988. In addition to plaintiff's lawsuit against defendants in Great Britain, the McAllister Brothers Group of Companies, an insured of plaintiff, commenced litigation in Great Britain arising out of the same purportedly wrongful conduct.

In all, there are three actions pending in Great Britain, which have been consolidated and are scheduled for trial in London in January of 1991, and, indeed, the great majority of the witnesses and documents pertaining to this case are located in London. Further, the conduct complained of by plaintiff occurred primarily in London. Accordingly, in view of the extensive proceedings taking place in Great Britain in connection with this matter, as well as the fact that it is highly questionable whether New York is even an appropriate forum for the present action, the Supreme Court should have granted defendants' motion for a stay pursuant to CPLR 2201. Certainly, it would constitute an utter waste of time and resources for the parties to engage in discovery and other proceedings in New York when the probability of this lawsuit ever coming to trial here is minimal, if only because of forum non conveniens *(see, Deutsche Anlagen-Leasing GMBH v Kuehl,* 111 AD2d 69). At the very least, everything should be stayed pending the conclusion of the litigation in Great Britain, which will likely result in a resolution of the issues in dispute herein. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Smith, JJ.