■ ARMORED MOTOR SERVICE OF AMERICA, INC., Respondent, v CHARLES A. GRIBBON, Appellant.—Order, insofar as appealed from, unanimously reversed on the law with costs, cross motion granted and matter remitted to Supreme Court for

further proceedings, in accordance with the following Memorandum: In this action pursuant to CPLR article 71 for recovery of a chattel, the court should have unconditionally denied confirmation of the ex parte order of seizure. Plaintiff did not meet the pleading and proof requirements of CPLR 7102 (c) and (d), nor does the court's order comply with the statute. In particular, plaintiff did not sustain its burden of showing "facts" sufficient to justify proceeding ex parte. The court did not find, nor would the record support a finding, that, unless the order were granted without notice, there was a probability that the chattel would become unavailable for seizure by reason of being transferred, concealed, disposed of, or moved from the State, or that it would become substantially impaired in value (CPLR 7102 [c] [7]; [d] [3]). Additionally, there is no statutory authority for the court to impose conditions on its determination to confirm or not confirm an ex parte order of seizure. Therefore, an order must be entered unconditionally denying plaintiff's motion for confirmation on the ground that plaintiff did not demonstrate a basis for proceeding ex parte in the first instance. Because plaintiff proceeded improperly in obtaining an order of seizure ex parte, there is no "good cause" for denying an award of damages to defendant for the expenses sustained by him as a result of the order of seizure (CPLR 7108 [a]). Thus, defendant should be awarded damages, including reasonable attorney's fees, in an amount to be determined by the court upon remittitur. (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Undertaking.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.