■ CPC INTERNATIONAL, INC., Appellant, v JAKE's PRODUCTS, INC., et al., Respondents. [600 NYS2d 109] —In a replevin action, the plaintiff appeals from an order of the Supreme Court, Kings County (Huttner, J.), dated May 17, 1993, which denied its motion to confirm an ex parte order of seizure of the same court (Hutchersen, J.), dated April 14, 1993.

Ordered that the order is affirmed, with costs.

The record fails to support a finding that unless the order of seizure were granted without notice, there would be a probability that the chattel would become unavailable for seizure by reason of being transferred, concealed, disposed of or moved from the State, or would become substantially impaired in value (CPLR 7102 [c] [7]; *Armored Motor Serv. v Gribbon,* 176 AD2d 1202). Indeed, the letter dated April 6, 1993, which was sent to the plaintiff by Jake's Products, Inc. (hereinafter Jake's), indicating that Jake's intended to sell the plaintiff's goods by May 7, 1993, if, by that date, the plaintiff had not paid all outstanding charges and removed the goods from Jake's premises, demonstrated that there was sufficient time to bring a motion on notice. Moreover, the plaintiff failed to substantiate with documentary evidence its claims that there was an unexplained shortage of approximately 1,000,000 pounds of its corn syrup which had been delivered to Jake's facility, and that the product might become substantially impaired in value if the integrity of the storage and transportation of each shipment at Jake's could not be verified. Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur.