■ A & M EXPORTS, LTD., Appellant, v MERIDIEN INTERNATIONAL BANK, LTD., et al., Respondents. [616 NYS2d 621] —Order, Supreme Court, New York County (William Davis, J.), entered April 29, 1994, which, *inter alia,* denied plaintiff's motion for an attachment and granted defendants' cross motion to dismiss the complaint on the ground of forum non conveniens, unanimously affirmed, with costs.

All parties to the action are foreign corporations that are neither resident nor do business in New York. The transactions that gave rise to the controversy occurred in Liberia, and for the most part involve Liberian parties. Subsequent communications between the principals occurred either in Liberia, or by telexes or other communications to or from the Bahamas, London, or other locations in Africa. The only New York connection is defendants' deposit of the subject funds in correspondent accounts in New York, and plaintiff's presentment of drafts against these accounts, which were dishonored. Plaintiff subsequently commenced a civil action in Liberia against one defendant, the Liberian bank directly involved in the transaction, but neglected to do so against the other defendant, the Bahamian parent corporation of the Liberian bank, and whether the parent can be joined in the Liberian action appears to be the subject of additional litigation in Liberia. Under these circumstances, the IAS Court did not abuse its discretion in dismissing the action on the ground of forum non conveniens *(see, Deutsche Anlagen-Leasing GMBH*

*v Kuehl,* 111 AD2d 69; *Obex Trading Corp. v Maraven, S. A.,* 68 AD2d 841; *Banco Metropolitano v Desarrollo de Autopistas y Carreteras,* 616 F Supp 301).

We have considered plaintiff's contention that Liberia is not a viable alternative forum, either because of civil unrest, or because any judgment entered there will have to be enforced in New York in order to obtain the award in United States dollars, or because prosecution may be barred against the parent bank, and find it too speculative to permit a concrete finding, and, even if true, not dispositive given a New York connection that at best is only marginal *(see, Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 481).

Concerning the attachment, plaintiff bears the burden of establishing the grounds therefor, the need for continuing the levy, and the probability that it will succeed on the merits (CPLR 6223 [b]). Unlike the factual showing in *Deutsch Anlagen-Leasing GMBH v Kuehl (supra),* where there were civil actions pending in foreign courts, sufficient evidence of theft for one of the foreign jurisdictions to commence a criminal investigation, and sufficient evidence of the theft before the motion court to establish a prima facie case, the merits of plaintiff's case remain, at present, equivocal. Concur—Murphy, P. J., Rosenberger, Wallach, Ross and Rubin, JJ.