OPINION OF THE COURT
Joan B. Lefkowitz, J.
*636 SUMMARY OF FACTS
Plaintiff sold a 1997 Ford Explorer motor vehicle to defendant Metro Auto Leasing, Inc./Metro Auto Leasing of Queens, Inc. (hereafter sometimes referred to as Metro). Metro either sold or leased the vehicle to the defendants Terjesen. Metro stopped payment on its check to plaintiff. Plaintiff repossessed the vehicle from the Terjesens’ residence through the Suffolk County Sheriff’s Office which was authorized to break and enter the residence to recover the vehicle pursuant to an ex parte order of seizure.
Plaintiff, by an amended complaint, sued for return of the vehicle or $25,763.85 plus damages and attorneys’ fees. Defendants Terjesen move to dismiss the complaint and to vacate the order of seizure. Plaintiff, by order to show cause dated April 28, 1997, moves to confirm the order of seizure.
When plaintiff made application for an ex parte order of seizure, it attached to its papers a document described as a lease agreement between Andrew Terjesen and Metro. An affidavit in support of the application from an officer of plaintiff alleged wrongful detention by the defendants and that "it is probable that the chattel will become unavailable for seizure by reason of being transferred, concealed, disposed of, or removed from the state, or will become substantially impaired in value” (Kotos affidavit ¶ 9; see, CPLR 7102 [d] [3]). The application was granted and the order of seizure required plaintiff to move within five business days of seizure for an order confirming the order. A bond in the sum of $52,000 was posted. The vehicle identification number contained in the original affidavit in support of the order of seizure and in the order was wrong. On April 8, 1997, the court issued an amended order of seizure that also required a motion to confirm within five business days after seizure.
It is not clear when the vehicle was seized. Defendants Terjesen have provided documentary evidence from the Sheriff’s Office of Suffolk County that the vehicle was seized on April 15, 1997. The Terjesens were not at home April 14 to 16, 1997. On Mrs. Terjesen’s return home on April 17, 1997, the vehicle was not there. Plaintiff claims the seizure occurred on April 18,1997. Whenever the seizure occurred, the vehicle was taken by the Sheriff’s Deputies by breaking into defendants Terjesens’ garage when the homeowners were not at home. This event was allegedly witnessed by neighbors of the Terjesens.
*637 Defendants aver that they purchased the vehicle from Metro on January 16, 1997 by giving Metro two checks: (1) a cashier’s check dated January 15,1997 for $27,000 from Sperry Employees’ Federal Credit Union payable to Nina Terjesen (pursuant to an automobile loan) and Metro Auto Leasing, Inc., and (2) a check dated January 16, 1997 from the joint checking account of the Terjesens payable to Metro Auto for $973. Photocopies of these checks are attached to the motion to vacate. The $27,000 check bears the endorsement of both payees on the back of the check. The original check was destroyed by Sperry within its routine business practice of not keeping them beyond 45 days. However, a certified copy from microfiche has been submitted to the court. The back also contains various numbers but it is not clear in which account the proceeds went. A copy of the back of the joint check for $973 was also submitted to the court and bears Metro’s endorsement.
The Terjesens also have attached a copy of a purchase agreement between them and Metro Auto Leasing, which details a purchase price of $27,717.82 on January 13, 1997 and is marked "paid”, with a signature below the marking. No explanation is provided for the dollar difference of $27,973 paid and $27,717.82 ($255.18). Also attached to the Terjesens’ motion papers are copies of the motor vehicle registration in their names and the certificate of title issued April 24, 1997, naming them as owners and which shows Sperry Employees’ Federal Credit Union as the lienholder.
The Terjesens also submitted an affidavit from one Jason Schank who accompanied Mr. Terjesen to Metro and witnessed the transaction which he describes as a "sale” and not a "lease”.
The Metro entities are in default and plaintiff has entered judgment against them in the sum of $26,844.12.
MOTION TO DISMISS
Plaintiff argues that it has a document showing a lease from Metro to Mr. Terjesen. It also claims that it is not clear to which bank account the $27,000 check was deposited, i.e., implicitly claiming that Mrs. Terjesen may have received part or all of the funds and that the Terjesens and Metro schemed to defraud the plaintiff. The Terjesens point to the purchase agreement, the checks, lack of signature on the lease agreement, the registration and the title certificate as establishing their superior right to ownership. They deny any conspiracy or fraud.
*638 On a motion to dismiss the complaint where, as here, it is claimed no cause of action exists, the court must deem the allegations in the complaint true. (Morone v Morone, 50 NY2d 481 [1980]; Cassone Bakery v Consolidated Edison Co., 168 Misc 2d 272, 282-283 [Sup Ct, Westchester County 1996].) Upon this record, where the motion has not been converted into one for summary judgment, * the court cannot adjudicate the question of title though it appears that the Terjesens may well be bona fide purchasers for value without knowledge of plaintiff’s rights, if any. Therefore, that part of the motion to dismiss the complaint is denied. The balance of the motions may be resolved pursuant to CPLR 7102 (d).
TIME FOR MAKING CONFIRMATION MOTION
CPLR 7102 (d) (4) requires that if the seizure is based upon an ex parte order, "the plaintiff shall move for an order confirming the order of seizure on such notice * * * and within such period, not to exceed five days after seizure, as the court shall direct” (emphasis added). The statute further provides that: "Unless the motion is made within such period, the order of seizure shall have no further effect and shall be vacated on motion and any chattel seized thereunder shall be returned forthwith to the defendant.” (CPLR 7102 [d] [4].)
The quoted provisions were added in 1978 (L 1978, ch 81) to conform prejudgment replevin procedures with constitutional due process mandates. (7A Weinstein-Korn-Miller, NY Civ Prac ¶7102.01b; Mem of Off of Ct Admin, 1978 McKinney’s Session Laws of NY, at 1911; 23 NY Jur 2d, Conversion, and Action of Recovery of Chattel, § 136.) CPLR 7102 (d) is analogous to CPLR 6211 (b) which was amended in 1977 (L 1977, ch 860) to conform to constitutional mandates. (7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6211.09; Mem of Off of Ct Admin, 1977 McKinney’s Session Laws of NY, at 2636-2637; Siegel, NY Prac § 339, at 483 [2d ed].)
With one exception not relevant here, CPLR 6211 (b) provides that where an attachment has occurred ex parte, the plaintiff shall move "within a period not to exceed five days af *639 ter levy” for an order of confirmation. The section further provides: "If plaintiff fails to make such motion within the required period, the order of attachment and any levy thereunder shall have no further effect and shall be vacated on motion.” (CPLR 6211 [b].)
Case law decided pursuant to CPLR 6211 (b) is clear that a failure to timely move for an order of confirmation results in vacatur, on motion. (Thadford Realty Co. v L. V. Income Props. Corp., 101 AD2d 814 [2d Dept 1984]; Eisenberg v Citation-Langley Corp., 92 AD2d 795 [1st Dept 1983]; Great White Whale Adv. v First Festival Prods., 81 AD2d 704 [3d Dept 1981]; Nemetsky v Banque De Developpement, 64 AD2d 694 [2d Dept 1978], affd 48 NY2d 962 [1979]; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C6211:4, at 64; McLaughlin, Supp Practice Commentaries, op. cit., 1997 Pocket Part, at 20-22.) The five-day period in CPLR 6211 (b) "is the statutory maximum period”. (15th Ann Report of Jud Conf on CPLR, reprinted in 22d Ann Report of NY Jud Conf, at 254; Thadford Realty Co. v L. V. Income Props. Corp., 101 AD2d 814, supra.)
Reference was made to the above case law because there is no reported decision concerning the time sequence set forth in CPLR 7102 (d) (4). The commentators agree, however, that failure to timely move to confirm under CPLR 7102 (d) (4) renders the order of seizure void and requires return of the chattel. (Siegel, NY Prac § 339, at 483 [2d ed]; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 7102.14c; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7102:6, at 188; 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, § 143; 12B Carmody-Wait 2d, NY Prac, Action to Recover Chattel, § 82:87.)
The record establishes that the seizure occurred on April 15, 1997. Pursuant to CPLR 7102 (d) the motion to confirm was required to be made by April 21, 1997 (since Apr. 20th was a Sunday). (General Construction Law § 20.) It was probably wrong for the order of seizure to permit the confirmation motion to be made within five business days of the seizure as that improperly extends the statutory five-calendar day period. (Cf., Fisk Discount Corp. v Brooklyn Taxicab Trans. Co., 270 App Div 491 [2d Dept 1946].) However, assuming that the seizure occurred on April 18, 1997 and that plaintiff had five business days to move to confirm, the motion had to be made no later than April 25, 1997. Plaintiff did not use the ordinary notice of motion. Rather, plaintiff had an order to show cause delivered *640 to the courthouse on April 25, 1997, a Friday, which went to the Duty Judge and was not signed until April 28, 1997, and thereafter served that day. Had plaintiff notified the clerk that it was necessary for the order to show cause to be signed on April 25, 1997, the plaintiff would have been accommodated. In any event, the court holds that mere presentation of a blank order to show cause on the last day for making a motion is not the equivalent of actually making the motion. Thus, the application to confirm was untimely, whichever of the three dates is chosen as the one when seizure occurred.
CONFIRMATION MOTION — MERITS
Furthermore, the court finds that even if the motion was timely, the order of seizure is not confirmed as plaintiff has failed in its burden of proof (CPLR 7102 [d]) that the original seizure order was required under CPLR 7102 (c) (7). (CPC Intl. v Jake’s Prods., 194 AD2d 707 [2d Dept 1993].) All that plaintiff did was mouth the statutory language to support an ex parte seizure order. Professor Siegel has stated (Siegel, NY Prac § 339, at 483 [2d ed]): "In all cases, whether on a pre-seizure motion made ex parte or on a confirmation motion, the burden of establishing the merits of the case is on the plaintiff, and it is not met by a showing of a simple prima facie case. The plaintiff must show that it is 'probable’ that he will succeed on the merits.”
The record before the court indicates that plaintiff parted with possession and entrusted the vehicle to another dealer who, in turn, sold the vehicle to the Terjesens, who were keeping the vehicle at their home in Suffolk County. There is absolutely no basis for plaintiff to allege that the vehicle would be transferred, concealed, removed, disposed of or be substantially impaired in value; nor does plaintiff attempt to demonstrate the correctness of any of these original allegations made in support of the order of seizure. Consequently, although the complaint is sustained at this stage of the proceedings, the ex parte order of seizure is not.
Therefore, on the ground of untimeliness and on the merits of justifying the ex parte order of seizure, the court grants that portion of the Terjesens’ motion to vacate the seizure and denies plaintiff’s motion to confirm the seizure. The surety is not exonerated. The order shall provide that upon payment of his fees, the Sheriff shall release the vehicle forthwith to either of the Terjesens.
That portion of the Terjesens’ motion for damages is denied without prejudice to renewal after return and reinspection of *641 the vehicle. The Terjesens may seek to recover all costs and damages for the wrongful ex parte seizure, including attorneys’ fees. (CPLR 7108 [a]; Armored Motor Serv. v Gribbon, 176 AD2d 1202 [4th Dept 1991]; 12B Carmody-Wait 2d, NY Prac, Action to Recover Chattel, § 82:88; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7108:2, at 220.) This aspect of the case is separate from the question of title.
Defendants Terjesen are advised to serve an answer with whatever affirmative defenses, counterclaims and cross claims they deem appropriate.
The court also finds that Sperry Employees Federal Credit Union as a lienholder is a necessary party who should be joined in this action. (CPLR 1001, 1003.) Plaintiff shall serve and file a supplemental summons (CPLR 305 [a]) on Sperry with a second amended complaint within 20 days hereof.

 Neither party has requested a conversion of the motion to dismiss into one for summary judgment. While the court could have given notice to the parties that it would treat the motion as one for summary judgment and thereby delay the disposition to permit submission of additional papers, it chose not to do so to expedite resolution of the seizure issue. (Cf., CPLR 3211 [c].) Furthermore, if the motion had been converted, it appears that it would have been denied without prejudice pending discovery. (CPLR 3212 [f].)