OPINION OF THE COURT
Leonard B. Austin, J.
*319 Plaintiff Voice Communications, Inc. moves pursuant to CPLR 6211 (b) for an order confirming the order of attachment entered November 3, 2005.
Defendant Tonianne Bello cross-moves pursuant to CPLR 6223 for an order vacating the order of attachment and pursuant to CPLR 6212 (b) for an order directing plaintiff to pay all costs and damages, including reasonable attorneys’ fees, sustained by reason of the attachment.
Background
In its complaint, Voice alleges that Bello, its former employee in the accounts management department, embezzled and converted its monies in the amount of approximately $400,000. Voice sought and obtained an ex parte order of attachment granted on November 1, 2005, and entered November 3, 2005, wherein attachment of Bello’s real property at 307 Claflin Boulevard, Franklin Square, New York, was authorized.
In support of the attachment, the president of the plaintiff corporation alleges that Bello had already spent a substantial portion of the monies on personal expenses, including payment of her mortgage, her automobile, insurance premiums, a catered party for her child and her tax obligations. In addition, Voice’s president alleges that Bello has spent large sums of money gambling in Atlantic City and that she is thereby attempting to secrete property to prevent plaintiff from being able to collect a judgment for embezzlement.
The Nassau County Sheriff served the order of attachment on the Nassau County Clerk on Monday, November 21, 2005. Plaintiff then submitted its order to show cause seeking confirmation of the order of attachment to this court on Friday, November 25, 2005. In response to a fax from the Supreme Court Clerk’s Office, plaintiffs attorney appeared at court on Monday, November 28, 2005, and handwrote “no prior application for the same or similar relief had been made” on his supporting affidavit. According to court records, Monday, November 28, 2005, was listed as the resubmit date. Plaintiffs attorney learned later that the order to show cause was not actually “sent up” for signature until Tuesday, November 29, 2005, and was not granted until Wednesday, November 30, 2005.
Discussion
Defendant cross-moves for vacatur of the order of attachment on two grounds, to wit: untimeliness and lack of standing. As to *320 the latter, plaintiffs president explains that Voice Solutions, Inc., the payor of the embezzled checks, ceased operations in August of 2004, and that all employees of Voice Solutions, Inc. thereafter became employees of the plaintiff. In addition, all accounts, payable and receivable, of Voice Solutions, Inc. became assets or liabilities of the plaintiff. Under these circumstances, Bello’s standing challenge must be rejected.
As to untimeliness, Bello correctly cites CPLR 6211 (b) for the requirement that plaintiff must “move” to confirm the ex parte order of attachment within five days after levy. Here, because the fifth day after levy was Saturday, November 26, 2005, plaintiff was required to “move” by the next succeeding business day, Monday November 28, 2005 (General Construction Law § 25-a).
While the CPLR contains no definition of the term “move,” it does expressly state that a motion on notice is made when a notice of the motion or an order to show cause is served. (CPLR 2211; see, Cespedes v City of New York, 172 AD2d 640 [2d Dept 1991]; Greenfield v Philles Records, 160 AD2d 458 [1st Dept 1990].) Furthermore, in explaining the requirement of five days within which to “move” pursuant to CPLR 6211 (b), Professor Siegel states: “All the plaintiff has to do is ‘move’ to confirm within the applicable period, i.e., serve the motion papers as directed by the court.” (Siegel, NY Prac § 316, at 506 [4th ed]; see also, McLaughlin, 1981 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C6211:4, 2006 Pocket Part, at 37.)
Delivery of an order to show cause to the courthouse for signature is not the equivalent of making a motion. (Quality Ford of Mt. Vernon v Metro Auto Leasing, 172 Misc 2d 635, 639-640 [Sup Ct, Westchester County 1997].) Service of the order to show cause establishes compliance with CPLR 6211 (b), even if the order to show cause is later returned by the clerk of the court for procedural improprieties. (Noto v Holle, 160 AD2d 918, 920 [2d Dept 1990].) Certainly, had counsel conveyed the urgency of having its order to show cause signed and served by Monday, November 28, 2005, there is no doubt but that the Motion Clerk would have promptly accommodated plaintiff. (Quality Ford of Mt. Vernon v Metro Auto Leasing, supra at 640.) No such request was made.
Plaintiff did not serve the order to show cause herein by Monday, November 28, 2005. Plaintiffs insistence that it took all possible steps to ensure a timely “filing” of the order to *321 show cause does not suffice because “filing” is not the equivalent of “moving” for the purposes of CPLR 6211 (b).
Failure to make a timely motion to confirm is fatal under CPLR 6211 (b). (Eisenberg v Citation-Langley Corp., 92 AD2d 795 [1st Dept 1983].) The court has no discretion to increase the statutory maximum of five days. (Thadford Realty Co. v L.V. Income Props. Corp., 101 AD2d 814 [2d Dept 1984].) Thus, the court has no choice but to deny plaintiffs motion to confirm as untimely and grant defendant’s cross motion for an order vacating the order of attachment.
Defendant further requests that the undertaking posted by plaintiff be given to her pursuant to CPLR 6212 (b) and the order of attachment granted by Honorable Robert Roberto on November 3, 2005. As a hearing is necessary to determine what damages, if any, were sustained by Bello as a result of the levy (see, Noto v Holle, supra), the court refers the matter of Bello’s claim of damages arising from vacatur of the order of attachment to the trial of this action. (See generally, Sturgis v Wolfe, 148 AD2d 770 [3d Dept 1989].) Pending the outcome of the trial, the escrow shall remain in place.
Accordingly, it is ordered that plaintiffs motion, pursuant to CPLR 6211 (b), for an order confirming the order of attachment entered November 3, 2005 is denied; and it is further ordered that defendant’s cross motion, pursuant to CPLR 6223, for an order vacating the order of attachment entered November 3, 2005 is granted; and it is further ordered that defendant’s further request, pursuant to CPLR 6212 (b), for an order directing plaintiff to pay all costs and damages, including reasonable attorneys’ fees, sustained by defendant by reason of the order of attachment, is granted to the extent that it is referred to the trial of this matter.