■ AARON NEMETSKY, Respondent-Appellant, v BANQUE DE DEVELOPPE-MENT DE LA REPUBLIQUE DU NIGER, Appellant-Respondent, et al., Defendants. —In an action, *inter alia,* on a foreign draft ("trade acceptance"), defendant Banque de Developpement de la Republique du Niger (Banque) and plaintiff cross-appeal from an order of the Supreme Court, Kings County, dated February 16, 1978, which, upon Banque's motion to dismiss for lack of jurisdiction and plaintiff's cross motion to confirm and prove the grounds upon which an attachment order was issued, directed that a hearing be held as to the jurisdictional facts, following plaintiff's opportunity to obtain disclosure. Order reversed, on the law, without costs or disbursements, Banque's motion to dismiss granted and plaintiff's cross motion denied. Plaintiff claims that he is owed $85,000 on a draft or trade acceptance guaranteed by Banque. The draft, made in Nigeria, is payable to one Herbert Steed and was drawn by defendant El Hadj Mahaman Yahaya. Plaintiff also claims that the draft is integrally related to Banque's deposit with Credit Lyonnais (New York branch) under a letter of credit naming Cornwall Maritime (of which Steed is a principal) as beneficiary. Banque moved to dismiss for lack of in personam or in rem jurisdiction. Plaintiff cross-moved to confirm an order of attachment on Banque's deposit with Credit Lyonnais. Special Term directed a hearing to determine the facts concerning Banque's activities in New York. We hold that there is no basis for jurisdiction by plaintiff over Banque. First, the "doing business" standard plaintiff alleges as a basis for jurisdiction (see CPLR 301) has not been met. Second, an essential criterion for long-arm jurisdiction under CPLR 302 (subd [a], par 1) is that the cause of action must arise out of the business transacted in New York. Plaintiff's claim that the trade acceptance arises out of the letter of credit deposit Banque has with Credit Lyonnais in New York is not substantiated. The trade acceptance on its face gives no evidence of any relationship to the New York deposit. The draft, drawn in Nigeria by defendant El Hadj and guaranteed by Banque, *may* be related to the same business interest that prompted the letter of credit deposit. That business interest does not, however, transform one item into the other. The two transactions remain discrete. The trade acceptance is not shown to have arisen out of the business transacted by Banque when it opened the letter of credit at Credit Lyonnais. Even if the trade acceptance were shown to be part of the correspondent bank relationship, that relationship does not itself provide the basis for long-arm jurisdiction under CPLR 302 (subd [a], par 1) (see *Amigo Foods Corp. v Marine Midland Bank-N. Y.,* 39 NY2d 391; *Taub v*

*Colonial Coated Textile Corp.,* 54 AD2d 660; *National Amer. Corp. v Federal Republic of Nigeria,* 425 F Supp 1365, 1371). Since that is so, the minimum contacts necessary to satisfy due process requirements in the exercise of quasi in rem jurisdiction under the attachment are also absent (see *Shaffer v Heitner,* 433 US 186). If a correspondent bank relationship, standing alone, does not provide sufficient contacts for the exercise of long-arm jurisdiction, it gains no enhanced status when it is offered to satisfy due process prerequisites for an attachment. Neither assertion by plaintiff, (1) that Banque "has spread on the record the precise nature of its [close] relationship with Credit Lyonnais", nor (2) that Credit Lyonnais and Banque share a "special kinship" through the affiliation of Nigeria with the West African Monetary Union and ultimately with the French Government Bank, suffices to advance the proposition that Credit Lyonnais may act as Banque's agent in New York. On that conclusion, a hearing and discovery are not warranted (cf. *Amigo Foods Corp. v Marine Midland Bank-N. Y., supra; Peterson v Spartan Ind.,* 33 NY2d 463). In any event, the ex parte order of attachment must be vacated for plaintiff failed to move for its confirmation within five days of the order (see CPLR 6211, subd [b]). Whether or not one reads that statutory provision to require that the order of attachment "establish the date for such a hearing no later than five days after the levy" (McLaughlin, 1977 Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 6211), a prompt hearing must follow the ex parte order. A hearing has not yet been held, presumably because plaintiff did not timely move to confirm, and/or because the order did not set the date for the hearing. The attachment is, therefore, invalid (see CPLR 6211, subd [b]). This disposition obviates a resolution of Banque's contention that the attachment had to precede service of the summons (see CPLR 314, subd 3). We find no merit to plaintiff's contentions that Banque consented to jurisdiction or that prior decisions in this litigation have determined the question of jurisdiction. Finally, we note that plaintiff's reliance on *Zeevi & Sons v Grindlays Bank (Uganda)* (37 NY2d 220) is misplaced. The Court of Appeals there sustained subject matter jurisdiction. It did not discuss the attachment. We note in passing, however, that the attachment in *Zeevi* was on funds that were the subject of the controversy (cf. *Shaffer v Heitner,* 433 US 186, *supra).* Shapiro, Cohalan and O'Connor, JJ., concur; Gulotta, J. P., concurs insofar as the majority has denied plaintiff's cross motion, but otherwise dissents and votes to affirm the order insofar as it denied Banque's motion, with the following memorandum: In my opinion, the instant record is too unclear to satisfactorily establish the precise nature of the interrelationship, if any, between the New York branch of Credit Lyonnais, the defendant Banque de Developpment de la Republique du Niger, and the business transactions out of which plaintiff's cause of action arose. The critical facts remaining as yet obscure, and resting to a large extent within the exclusive knowledge of the parties defendant, I believe that a hearing, preceded by limited discovery into the underlying jurisdictional facts, is desirable in this case (see CPLR 3211, subd [d]; see *Amigo Foods Corp. v Marine Midland Bank-N. Y.,* 39 NY2d 391; *Peterson v Spartan Ind.,* 33 NY2d 463). Turning briefly to plaintiff's ex parte order of attachment, I concur with my brethren in the majority that the foregoing must be vacated for failure to move for its confirmation within five days of the levy (see CPLR 6211, subd [b]). I further believe that even had the motion for confirmation been timely made, jurisdiction in the instant case could not be predicated thereon, as the levy did not precede service upon the defendant Banque as required by CPLR 314 (subd 3). On this analysis, I would not

reach the additional question of the validity of the subject attachment as a predicate for quasi in rem jurisdiction under *Shaffer v Heitner* (433 US 186).