OPINION OF THE COURT
Memorandum.
The order of the Appellate Division dated November 3, 1978 appealed from and the order of the Appellate Division dated August 1, 1977 brought up for review should be affirmed, with costs.
The Appellate Division properly dismissed for lack of jurisdiction plaintiff’s action against defendant as guarantor of a foreign trade acceptance. Nothing in the record supports the bald assertion that defendant is doing business and thus present in New York. All that appears is a correspondent bank relationship between defendant and Credit Lyonnais and the trade acceptance connected to that relationship. These factors standing alone are insufficient to support an exercise of in personam jurisdiction (see Amigo Foods Corp. v Marine Midland Bank-N. Y., 39 NY2d 391).
Finally, the attachment of defendant’s New York funds, effected after service of the summons, cannot form the predicate for quasi in rem jurisdiction (CPLR 314, subd 3; see Siegel, New York Practice, p 125; Pennoyer v Neff, 95 US 714). We therefore do not consider the rights of the parties had the attachment preceded service of the summons (cf. Shaffer v Heitner, 433 US 186).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order of the Appellate Division dated November 3, 1978 appealed from and order of the Appellate Division dated August 1, 1977 brought up for review affirmed, with costs, in a memorandum.