RIELLY COMPANY, INC., Respondent, v LISA B. INC., Doing Business as SWEET LONGJOHNS, et al., Appellants.

Third Department, July 23, 1992

## APPEARANCES OF COUNSEL

*Seiden, Stempel, Bennett & D'Agostino (Richard L. Claman* of counsel), for appellants.

*Connor, Curran & Schram (Daniel J. Tuczinski* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J. P.

This appeal presents two questions: (1) whether Supreme Court properly denied the motion of defendant Philip F. Bogatin, Inc. (hereinafter Bogatin) to dismiss the complaint against it for lack of personal jurisdiction, and (2) whether Supreme Court properly denied the motion of defendant Lisa B. Inc. (hereinafter Lisa B.) to dismiss the ninth cause of action claiming that the contract allegedly breached was invalid because (a) it did not contain a price term as required by General Obligations Law § 5-701, (b) it was incorrectly

found to be governed by the UCC, and (c) it was not performable within a year. In our view Supreme Court properly decided the motions and its order should be affirmed.

Plaintiff is a manufacturer. and designer of garments. Lisa B. is engaged in the business of selling garments, chiefly ladies sleepwear and loungewear. Bogatin is a Pennsylvania corporation with offices in Philadelphia and its principal is the father of Lisa Bogatin, one of two principals in Lisa B. In 1987 Bogatin sent plaintiff a letter guaranteeing "payment of any [of Lisa B.'s] invoices * * * that are not paid precisely on due date".

Plaintiff commenced this action alleging, *inter alia,* that Lisa B. breached its contract with plaintiff by permitting other companies to manufacture plaintiff's sample garments and that Bogatin was liable because it guaranteed payment of plaintiff's invoices sent to Lisa B. Lisa B. moved to dismiss plaintiff's ninth cause of action for failing to allege any writing that indicated agreement as to a price term. Bogatin moved to dismiss the complaint for lack of personal jurisdiction.[1] Plaintiff cross-moved for summary judgment on its first cause of action. Supreme Court denied all motions.[2]

Plaintiff's contention that the guarantee given by Bogatin is sufficient to create long-arm jurisdiction over Bogatin is meritorious. The guarantee of the debt of a domestic corporation by a nondomiciliary corporation in like circumstances has been held by this court to provide New York courts with jurisdiction over the nondomiciliary under CPLR 302 (a) (1) *(see, Fashion Tanning Co. v Shutzer Indus.,* 108 AD2d 485). As was the case in *Fashion Tanning Co. v Shutzer Indus. (supra),* although Bogatin, a nondomiciliary of New York, was not physically present in this State conducting business with plaintiff on a personal basis, the fact that its guarantee was to be performed here was sufficient to satisfy long-arm jurisdiction *(see, supra,* at 486). Bogatin's promise to pay the debt of Lisa B. enabled Lisa B. to engage in business activities in New York. Although the courts in New York are divided on this question *(cf., Waldorf Assocs. v Neville,* 141 Misc 2d 150, *affd on opn below* 155 AD2d 283; *see,* Alexander, 1991 Supp Prac-

---

1. Motions for a change of venue by Lisa B. and Bogatin were also denied by Supreme Court. Both defendants, however, have chosen not to appeal the denial of those motions at this time.

2. Plaintiff did not appeal the denial of its cross motion for summary judgment on its first cause of action.

tice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:13, 1992 Pocket Part, at 7-9), Supreme Court's decision is consistent with the general principles applicable to long-arm jurisdiction applied by the Court of Appeals *(see, Reiner & Co. v Schwartz,* 41 NY2d 648; *Hi Fashion Wigs v Hammond Adv.,* 32 NY2d 583, 587) and does not offend " 'traditional notions of fair play and substantial justice' " *(International Shoe Co. v Washington,* 326 US 310, 316, quoting *Milliken v Meyer,* 311 US 457, 463).

■ Turning to the ninth cause of action alleging that Lisa B. breached her alleged promise that only plaintiff would manufacture plaintiff's garment samples, we reject Lisa B.'s argument that the promise is not valid because the price term is not set forth in writing as required by General Obligations Law § 5-701. Because under the UCC contracts for the sale of goods may omit price and still be valid *(see,* UCC 2-102, 2-105, 2-305; *see also, AP Propane v Sperbeck,* 157 AD2d 27, 29-30, *affd* 77 NY2d 886), the issue distills to whether the disputed transaction is predominantly one for the sale of goods under the UCC or one for the provision of services under the General Obligations Law *(see, Milau Assocs. v North Ave. Dev. Corp.,* 42 NY2d 482, 485-486; *Perlmutter v Beth David Hosp.,* 308 NY 100, 104; *Word Mgt. Corp. v AT&T Information Sys.,* 135 AD2d 317, 321). The evidence here is conflicting as to the relationship between Lisa B. and plaintiff. Additional factual information is needed to resolve the issue of whether the relationship was that of a broker and supplier of goods, or whether it consisted predominantly of the sale of goods. Accordingly, Supreme Court properly denied dismissal on these grounds.

■ We likewise reject Lisa B.'s contention that in the absence of a price term the contract falls within General Obligations Law § 5-701 and is void for not being in writing. Lisa B.'s claim is not that the contract is not in writing, but that it is not valid in the absence of a stated price term. The contract here is written and consequently does not fall within General Obligations Law § 5-701. Further, if the contract is shown to be oral and not written, it is not invalid because it cannot be performed within a year. Even if the contract was oral, Lisa B. may decide to terminate it within a year by no longer accepting samples from plaintiff, and thus the contract would be performed within a year and not subject to General Obligations Law § 5-701 *(see, North Shore Bottling Co. v*

*Schmidt & Sons,* 22 NY2d 171; *Mann v Helmsley-Spear, Inc.,* 177 AD2d 147).

YESAWICH JR., MERCURE, CREW III and CASEY, JJ., concur.

Ordered that the order is affirmed, with costs.