■ VICTORIA CACCIATORE, as Executrix of ROCCO J. CACCIATORE, Deceased, Respondent, v GEORGE VAN WAGNER, JR., et al., Appellants, et al., Defendant. [608 NYS2d 282] —In an action to recover, *inter alia,* monies owed pursuant to a promissory note, the defendants George Van Wagner, Jr., Paul Van Wagner, and 1401 Columbia Road Limited Partnership appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered January 9, 1992, as denied their motion to dismiss the action for lack of personal jurisdiction.

Ordered that the order is modified by deleting the provision thereof denying the motion with respect to the defendants George Van Wagner, Jr., and Paul Van Wagner and substituting therefor a provision granting the motion with respect to those defendants; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff, a New York resident, seeks to recover on a promissory note which was made payable to her deceased husband by the appellant 1401 Columbia Road Limited Partnership (hereinafter the partnership), which is based in Washington, D.C.

We agree with the Supreme Court that, pursuant to CPLR 302 (a) (1), it is proper to exercise long-arm jurisdiction over the partnership. The defendant George Van Wagner III, a general partner of the partnership, visited the decedent in New York in order to convince him to make a loan to the partnership. George Van Wagner III stayed at the decedent's home and was present during the two mortgage closings from which the decedent obtained the funds to make the loan. George Van Wagner III received the money and signed the note in New York. Payments on the note were to be made to the decedent, who lived in New York. By these purposeful acts, the partnership availed itself of the benefits and protection of New York law to an extent sufficient to constitute a transaction of business pursuant to CPLR 302 (a) (1) (see, *Rielly Co. v Lisa B. Inc.,* 181 AD2d 269; see also, *Reiner & Co. v Schwartz,* 41 NY2d 648).

However, with respect to the individual appellants, George

Van Wagner, Jr., and Paul Van Wagner, we find no such basis for jurisdiction. The plaintiff contends only that, while George Van Wagner III was in New York, he had telephone conversations with the individual appellants regarding the transaction at issue. Neither the plaintiff nor the decedent was a party to any of those conversations. Thus, we find that this contention is too speculative to serve as the basis of long-arm jurisdiction against the individual appellants. Moreover, Paul Van Wagner's signing of two checks which were payable to the decedent in partial payment on the note, does not, without more, constitute purposeful activity by which Paul can be subjected to long-arm jurisdiction (see, Reiner & Co. v Schwartz, supra). Accordingly, we dismiss the complaint with respect to the individual appellants. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.