■ RONALD GOLDSTOCK, as Director of the New York State Organized Crime Task Force, Exercising the Powers and Performing the Duties of District Attorney of Queens County, Appellant, v BLANCA A. RESTREPO et al., Defendants, and MADISON TRADING, INC., et al., Respondents. [618 NYS2d 423] —In a civil forfeiture action pursuant to CPLR article 13-A, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated August 16, 1993, which, inter alia, denied the plaintiff's motion to confirm an order of attachment.

Ordered that the appeals by the plaintiff with respect to the defendants Madison Trading, Inc., Andres Mejia, and Luis Fernando Mejia, are withdrawn; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendants Grandstone Ltd., Glemsford Corporation, and Rivar Corporation are awarded one bill of costs, payable by the plaintiff.

The defendants Grandstone Ltd., Glemsford Corporation, and Rivar Corporation (hereinafter the defendants) are all corporations organized under the laws of the British Virgin Islands. In 1991, the defendants purchased several checks from anonymous money exchangers on the "parallel market" in Columbia and, in turn, deposited these checks into investment accounts with Merrill Lynch Pierce Fenner & Smith, Inc., in Panama and/or Paine Webber, Inc., in Florida. The plaintiff contends that the checks purchased by the defendants were drawn on New York bank accounts funded with proceeds from narcotics sales in New York and, pursuant to CPLR article 13-A, moved to confirm an order of attachment of the moneys deposited in the defendants' accounts. The Supreme

Court denied the plaintiff's motion, and granted the defendants' cross motions to vacate the order of attachment based on lack of personal jurisdiction.

We agree with the Supreme Court that neither the mere act of depositing checks drawn on New York banks, nor the fact that the deposits were made in Panama and Florida branch offices of Merrill Lynch Pierce Fenner & Smith, Inc., and Paine Webber, Inc., entities which happen to be headquartered in New York, is sufficient to confer in personam jurisdiction pursuant to CPLR 302 *(see, Amigo Foods Corp. v Marine Midland Bank—N. Y.,* 39 NY2d 391; *First Natl. Bank & Trust Co. v Wilson,* 171 AD2d 616; *Faravelli v Bankers Trust Co.,* 85 AD2d 335; *Nemetsky v Banque de Developpement de la Republique du Niger,* 64 AD2d 694).

While the plaintiff alleges that the checks were funded from the proceeds of narcotics sales in New York, he has failed to proffer any evidence connecting any of the checks or checking accounts in question with any illicit narcotics activities *(see, Nemetsky v Banque de Developpement de la Republique du Niger, supra).*

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.