**The SEMI CONDUCTOR MATERIALS, INC, Plaintiff,**

v.

**CITIBANK INTERNATIONAL PLC, Defendant.**

**No. 97 Civ. 382 (JSR).**

United States District Court, S.D. New York.

July 15, 1997.

---

Nan Bedesi, Richmond Hill, NY, for Plaintiff.

J. Kelly Nevling, New York City, for Defendant.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

Plaintiff Semi Conductor Material, Inc. sued defendant Citibank International PLC for various claims arising out of defendant's alleged failure to fulfill its obligations to plaintiff as the advisor under a letter of credit. Defendant moved to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and New York Civil Practice Law and Rules ("CPLR") § 301 *et seq.* Upon consideration of the parties' written submissions and oral argument heard on June 12, 1997, the Court telephonically advised the parties on June 23, 1997 that defendant's motion to dismiss would be granted. This memorandum will serve to confirm that ruling and summarize the reasons therefor.

The relevant allegations may be briefly stated. Defendant is a foreign corporation organized under the laws of England, with its principal place of business in London. Plaintiff Semi Conductor Materials, Inc. is a New Jersey corporation alleged to have maintained an office and phone number in New York, listed in its President's name, from January 1, 1996 to June 1, 1996.

On March 26, 1996, Rastriya Banijya Bank of Nepal, at the request of Agricultural Inputs Corporation in Nepal, instructed defendant's Kathmandu branch Office to establish a letter of credit in favor of plaintiff in an initial amount of $2.35 million, increasing up to $11.75 million. Still another bank, Finansbank (Holland) N.V., was designated to "negotiate" demands for payment under the letter of credit. In March and April, 1996, plaintiff sought and obtained a reduction in defendant's confirmation fee and paid the fee into defendant's account held by Citibank N.A. (a separate corporation) in New York. Notwithstanding plaintiff's payment of the confirmation fee, however, defendant failed to confirm the letter of credit or take other steps prerequisite to plaintiff's being able to draw down the credit, thus allegedly causing substantial damages to plaintiff.

Turning to the instant motion, it is undisputed that personal jurisdiction in a diversity action is determined by the law of the state in which the court sits, here, New York. *Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865 (2d Cir.1996). On a motion to dismiss pursuant to Rule 12(b)(2), the Court may determine the motion on the basis of pleadings and affidavits presented or may hold an evidentiary hearing, *see Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994); but if the former approach is taken, plaintiff, in order to prevail, need only make out a *prima facie* case of jurisdiction. *Koehler,* 101 F.3d at 865; *Robinson,* 21 F.3d at 507. Here, however, even though plaintiff claims the Court has jurisdiction over defendant pursuant to CPRL § 301 and § 302(a), the Court concludes that plaintiff has failed to make even a *prima facie* showing that such personal jurisdiction exists.

## A. *CPLR § 301*

With respect to plaintiff's assertion of jurisdiction under New York's general jurisdiction provision, CPLR § 301, that provision states that "a court may exercise such jurisdiction over persons, property or status as might have been exercised heretofore," *i.e.,* under New York law prior to 1962. CPLR § 301. In particular, the provision confers personal jurisdiction over a foreign corporation "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." *McGowan v. Smith,* 52 N.Y.2d 268, 272, 419 N.E.2d 321, 323, 437 N.Y.S.2d 643, 645 (1981); *Koehler,* 101 F.3d at 865. The traditional indicia to which courts refer in deciding whether a foreign corporation is doing business in New York under this approach include (1) the existence of an office in New York, (2) the solicitation of business in New York, (3) the existence of bank accounts or other property in New York, and (4) the presence of employees of the foreign defendant in New York. *Kulas v. Adachi,* 1997 WL 256957, *3 (S.D.N.Y. May 16, 1997) (citing *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 58 (2d Cir.1985)).

Defendant, a United Kingdom corporation, does not satisfy these indicia for "doing business in New York" because all of its branches, offices and employees are in Europe, it is not registered to do business in

New York, and it does not own any real property in the forum. Nor does the fact that defendant maintains four bank accounts with Citibank N.A. in this forum require a contrary conclusion here. Courts have repeatedly found that a correspondent bank relationship between a foreign bank and a New York financial institution does not provide sufficient grounds to exercise personal jurisdiction over a foreign bank. *Nat'l Sun Industries, Inc. v. Dakahalia Commercial Bank, Cairo,* No. 94–6006 slip op. at 8, 1995 WL 495636, *pg. 4 (S.D.N.Y. Aug. 17, 1995), *aff'd,* 113 F.3d 1229 (Table), 1997 WL 218789 (2d Cir. May 2, 1997); *Colson Services Corp. v. Bank of Baltimore,* 712 F.Supp. 28, 31–32 (S.D.N.Y.1989); *Nat'l American Corp. v. Fed. Republic of Nigeria,* 425 F.Supp. 1365, 1369 (S.D.N.Y.1977); *Nemetsky v. Banque de Developpement de la Republique du Niger,* 64 A.D.2d 694, 407 N.Y.S.2d 556, 557 (2d Dep't 1978), *aff'd,* 48 N.Y.2d 962, 425 N.Y.S.2d 277, 401 N.E.2d 388 (1979).

Furthermore, plaintiff's reliance on *United Rope Distributors, Inc. v. Kimberly Line,* 785 F.Supp. 446, 450–51 (S.D.N.Y.1992), is inapposite because Citibank International PLC, unlike the defendant in *United Rope,* does not transact "substantially all" of its business through its New York bank accounts. *Nat'l Sun Industries, Inc.,* No. 94–6006, slip op. at 8, *pg. 4. Likewise, plaintiff's reliance on *Gelfand v. Tanner Motor Tours, Ltd.,* 385 F.2d 116 121 (2d Cir.1967), *cert. denied,* 390 U.S. 996, 88 S.Ct. 1198, 20 L.Ed.2d 95 (1968), is similarly misplaced because defendant does not rely on its affiliate, Citibank N.A., to perform services that its own officials would otherwise have to come to the forum to perform.

Accordingly, defendant's relationship with Citibank N.A., which consists of defendant's maintenance of four active bank accounts in Citibank N.A.'s New York office and its use of one of those accounts to receive plaintiff's "confirmation fee" paid in connection with the letter of credit at issue here, does not constitute "doing business" for the purposes of CPLR § 301.

## B. *CPLR § 302*

■ Plaintiff also seeks to assert personal jurisdiction pursuant to CPLR § 302(a)(1), which provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... transacts any business within the state ...

CPLR § 302(a)(1). Under § 302(a)(1), a defendant who transacts business in New York will be subject to personal jurisdiction in New York if the acts were purposeful and there is a substantial relationship between those acts and the plaintiff's claim. *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir.1997) (citing *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 467, 522 N.E.2d 40, 43, 527 N.Y.S.2d 195, 198–199 (1988); *McGowan,* 52 N.Y.2d at 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (requiring "some articulable nexus between the business transacted and the cause of action sued upon")).

In the instant case, plaintiff asserts that defendant was transacting business in New York because defendant sent several faxes to plaintiff in New York and because defendant accepted the payment of plaintiff's confirmation fee under the letter of credit in its New York bank account. Plaintiff further asserts that defendant, by agreeing to act as the advising and confirming bank under the letter of credit, knew or should have known that plaintiff was located in New York and that the services would accrue to the benefit of the plaintiff in New York.

■ The Court concludes that none of these facts, singly or in tandem, establishes a sufficient degree of purposeful activity in New York to support a finding that defendant "transacted business" here. First, it is well established that telephone communications—such as faxes—do not provide a basis for jurisdiction under CPLR § 302(a)(1) unless the defendant "projected" himself by those means into New York in such a manner that he " 'purposefully' availed himself ... 'of the benefits and protections of its laws.' " *Parke–Bernet Galleries, Inc., v. Franklyn,* 26 N.Y.2d 13, 18, 256 N.E.2d 506, 508–09, 308 N.Y.S.2d 337, 340–41 (1970); *see also Wilhelmshaven Acquisition Corp. v. Asher,* 810

F.Supp. 108, 112–13 (S.D.N.Y.1993). Merely pleading, as plaintiff does, that defendant sent faxes to plaintiff in New York is insufficient to establish purposeful activity in this forum. *See Fiedler v. First City Nat'l Bank of Houston*, 1986 WL 6003 (S.D.N.Y. May 16, 1986), *aff'd*, 807 F.2d 315 (2d Cir.1986) (telephone contacts and mailing alone cannot confer jurisdiction); *Technology Products Int'l, Inc. v. Integrated Electronics, Inc.*, 1986 WL 2413, *1 (S.D.N.Y. Feb.19, 1986) ("Where defendant places an order by telephone from outside of New York, with nothing more, there is not transaction of business in New York").

Second, the fact that defendant allegedly knew or should have known that the letter of credit would accrue to the benefit of plaintiff in New York has no bearing on the § 302(a)(1) analysis. In this case, defendant's undertaking to act as the confirming and advising bank for a letter of credit issued by Rastriya Banijya Bank Ltd. in Nepal at the request of Agricultural Inputs Corporation of Nepal for the benefit of plaintiff, a New Jersey corporation,[1] does not establish a sufficient degree of purposeful activity in New York to support a finding that defendant "transacted business" here.

Finally, plaintiff's reliance on *A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76 (2d Cir.1993) and *Rielly Company Inc. v. Lisa B. Inc.*, 181 A.D.2d 269, 586 N.Y.S.2d 668 (3d Dep't 1992)—cases that hold that a financial guaranty payable in New York is a contract to perform services in New York, the breach of which gives rise to personal jurisdiction of nondomiciliary guarantors under CPLR § 302(a)(1)—is unavailing because the instant case does not concern the breach of a guaranty agreement.

Accordingly, the case is dismissed with prejudice for lack of personal jurisdiction. Clerk to enter judgment.

SO ORDERED.

---

1. It is by no means clear that plaintiff was even conducting business in New York. Rather than allege that it was authorized to do business in New York, plaintiff asserts that it was doing business in New York because its President maintained an office and phone number in New York listed in his own name.