Fred SMIT, as Chairman of the Board of Trustees of Teamsters Local 445 Freight Division Pension Fund, Plaintiff,

v.

ISIKLAR HOLDING A.S. a/k/a Isiklar Group a/k/a Powell & Minnock Brick Works, Inc., Isiklar Yapi Holding (World Construction Holding), Isiklar Ambalaj, Isiklar Insaat Malzemeleri a/k/a Isiklar Building Materials, Inc. a/k/a Isiklar Tugla, Isiklar Cemas a/k/a Isiklar Cimtek a/k/a Cimtek Cimento Teknolojisi Muhendislik A.S., Isiklar Nigbas, Isiklar Ozisik, Isiklar Bartin Tugla Fabrikisi Sanayi Ve Ticaret A.S., Isiklar Denizcilik a/k/a Isiklar Denizcilik Ve Ticaret a/k/a Denizcilik Sanayi Ve Ticaret, A.S., Isiklar Pazarlama, A.S., Isiklar Yapi Dekorasyon Sanayi Ve Ticaret A.S., Defendants.

No. 04 CIV. 733(CM).

United States District Court, S.D. New York.

Jan. 7, 2004.

Kellie Terese Walker, Sapir & Frumkin LLP, White Plains, NY, for Plaintiff.

David A. Strassburger, Strassburger McKenna Gutnick & Potter, Pittsburgh, PA, Paul Hugo Galligan, Gary Herbert Glaser, Seyfarth Shaw LLP, New York City, Timothy A. Fedele, Strassburger McKenna Gutnick & Potter, Greenburg, PA, for Defendants.

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

MCMAHON, District Judge.

This is an action to recover withdrawal liability payments allegedly owed to a pension fund.

Plaintiff, Fred Smit, is Chairman of the Board of Teamsters Local 445 Freight Division Pension Fund,[1] which is a multi-employer pension benefit plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* (First Amended Complaint, dated October 15, 2004 ("Complaint") ¶ 2.) Plaintiff alleges that defendants owe the Fund $804,267.46, interest and liquidated dam-

ages, plus attorney's fees and costs, as a result of their failure to make payment of an assessed withdrawal liability owed to the Fund in accordance with ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1381, *et seq.* (Cmpl.¶ 2.)

All defendants are Turkish corporations with their principal places of business in Turkey. (Cmpl.¶¶ 27–37.) Plaintiff claims that personal jurisdiction over the defendants is properly exercised under Federal Rule of Civil Procedure 4(k)(2) ("Rule 4(k)(2)") and § 4301(d) of the MPPAA, 29 U.S.C. § 1451(d), "in that Defendant Isiklar [Holding A.S.] is subject to jurisdiction based on [its] contacts with the United States of America, as a whole, and New York State with respect to its failure to pay withdrawal liability in violation of §§ 4219(c)(2) and 4221(b)(1) of the MPPAA, 29 U.S.C. §§ 1399(c)(2) and 1401(b)(1)."[2] (Cmpl.¶ 4.) As discussed more fully below, plaintiff also appears to argue, in the alternative, that personal jurisdiction is proper under Fed.R.Civ.P. 4(k)(1) ("Rule 4(k)(1)"), by virtue of New York's long-arm statute, C.P.L.R. § 302 (" § 302").

All defendants dispute plaintiff's characterization of their presence and activities in the United States and New York and move to dismiss the action for lack of personal jurisdiction, pursuant to Fed. R.Civ.P. 12(b)(2). There has been no jurisdictional discovery to date.

As discussed more fully below, all of defendant Isiklar Holding A.S.'s ("Isiklar Holding") alleged pension obligations to plaintiff appear to have originated with the

---

1. The union is referred to hereinafter as the "Local 445," and its pension fund as the "Fund."

2. Plaintiff asserts, and defendants do not contest, that this Court has subject matter jurisdiction pursuant to §§ 502(e), 502(f) and 4301(c) of ERISA, as amended, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c). (Cmpl.¶ 3.)

1994 stock purchase of a New York corporation not separately named in this suit, Powell and Minnock Brick Works, Inc ("Powell and Minnock").[3] (*See, e.g.,* Cmpl. ¶¶ 5, 6.) Jurisdictional allegations regarding Isiklar Holding include the 1994 stock purchase (and subsequent breach of the stock purchase agreement), as well as various activities in New York and elsewhere in the United States. The other defendants' (the "non-Isiklar Holding defendants")[4] putative pension obligations—as well as this court's exercise of personal jurisdiction over them—are alleged to arise solely from their relationship with Isiklar Holding. Because I find no independent allegations in the Complaint that would support the court's exercise of personal jurisdiction over these entities, I dismiss the case with respect to the 10 non-Isiklar Holding defendants. I do find, however, that Plaintiff has pleaded a *prima facie* showing of personal jurisdiction over Isiklar Holding, which shall remain a party to this suit, subject to further discovery on the issue.

## I. Standard and Applicable Law

### A. Motion to Dismiss

■ It is a plaintiff's burden to establish the propriety of a court's exercise of personal jurisdiction over parties to the suit. *See In re Commodore Int'l, Ltd.,* 242 B.R. 243, 250 (Bkrtcy.S.D.N.Y.1999) (citing *Falik v. Smith,* 884 F.Supp. 862, 864 (S.D.N.Y.1995)). When a motion challenging personal jurisdiction is presented before discovery has been conducted on that issue, the plaintiff may defeat the motion by pleading a *prima facie* showing of personal jurisdiction over defendants. *Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184 (2d Cir.1998); *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir. 1990). All pleadings and affidavits "are construed in the light most favorable to plaintiff, and where doubt exists, they are resolved in plaintiff's favor." *Gmurzynska,* 257 F.Supp.2d at 625; *see also Mutualidad Seguros Del Instituto Nacional De Industria v. M.V. Luber,* No. 95–Civ. 10988KMWLB, 1998 WL 1108936 *1 (S.D.N.Y. Sept. 25, 1998); *Turbana Corp. v. M/V "SUMMER MEADOWS",* No. 03–Civ. 2099(HB), 2003 WL 22852742 * 1 (S.D.N.Y. Dec. 2, 2003) (not reported).

■ In its discretion, a district court may determine the issue of personal jurisdiction on the basis of affidavits alone, or it may order discovery on the issue. *See, e.g., Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981); *see also Mutualidad,* 1998 WL 1108936 at *2. Specifically, if plaintiff has not pleaded a *prima facie* showing of personal jurisdiction, a court may order limited discovery "targeted at the missing jurisdictional elements," if plaintiff has shown that such an exercise "would serve to *fill any holes* in its showing." *Turbana,* 2003 WL 22852742 at * 2 (emphasis added). The pleadings must indicate, however, that lim-

**3.** Powell and Minnock is named to the extent that it is included as an alias of Isiklar Holding, "Isiklar Holding A.S. a/k/a Isiklar Group a/k/a Powell and Minnock Brick Works, Inc," an allegation addressed below. Plaintiff alleges that Powell and Minnock "permanently ceased to have an obligation to contribute to [the Fund] and/or permanently ceased all operations covered by the applicable Labor Agreements" in 2002. (Cmpl.¶ 46.)

**4.** The non-Isiklar Holding defendants are Isiklar Yapi Holding (World Construction Holding), Isiklar Ambalaj, Isiklar Insaat Malzemeleri a/k/a Isiklar Building Materials, Inc. a/k/a Isiklar Tugla, Isiklar Cemas a/k/a Isiklar Cimtek a/k/a Cimtek Cimento Teknolojisi Muhendislik A.S., Isiklar Nigbas, Isiklar Ozisik, Isiklar Bartin Tugla Fabrikisi Sanayi Ve Ticaret A.S., Isiklar Denizcilik a/k/a Isiklar Denizcilik Ve Ticaret a/k/a Denizcilik Sanayi Ve Ticaret, A.S., Isiklar Pazarlama, A.S., Isiklar Yapi Dekorasyon Sanayi Ve Ticaret A.S.

ited discovery is likely to uncover additional facts supporting jurisdiction; a court will not draw "argumentative inferences" in favor of a plaintiff who has failed to allege even bare facts to support a finding of personal jurisdiction over defendants. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994) (citing *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992)).

■ Once the plaintiff has made a threshold showing of minimum contacts and satisfaction of due process requirements to support the exercise of personal jurisdiction, the burden shifts to defendant to present compelling facts showing that personal jurisdiction is otherwise unreasonable. *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 568 (2d Cir.1996).

### B. Applicable Statutes

In the Complaint, plaintiff asserts that personal jurisdiction is proper under Rule 4(k)(2), but does not expressly assert any other basis for personal jurisdiction. (Cmpl.¶ 4.)

Rule 4(k)(2) provides:

If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Thus, Rule 4(k)(2) requires proof that (1) plaintiff's claim arises under federal law; (2) the defendant is beyond the jurisdictional reach of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction over the defendant does not offend the Constitution or other federal law. *See United States v. Swiss American Bank, Ltd.*, 191 F.3d 30, 38 (1st Cir.1999). At this stage, plaintiff need only make a *prima facie* showing of the elements listed above.

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, dated November 23, 2004 ("plaintiff's brief") also argues that this Court has jurisdiction over defendants pursuant to New York's long-arm statute, C.P.L.R. § 302, presumably by way of Fed.R.Civ.P. 4(k)(1) ("Rule 4(k)(1)"). Rule 4(k)(1) provides, in pertinent part, that, "Service of a summons ... is effective to establish jurisdiction over the person of a defendant ... who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located."

Since plaintiff's brief argues that the defendants may not be subject to jurisdiction in any state, and his arguments rely on allegations pleaded in the Complaint, I construe the Complaint as trying to make out a claim of personal jurisdiction under Rule 4(k)(2) or, in the alternative, Rule 4(k)(1) by way of § 302. *See Dale v. Banque SCS Alliance*, No. 02 Civ. 3592, 2004 WL 2389894 at *3 (S.D.N.Y. Oct. 22, 2004) (noting that jurisdictional allegations are to be construed liberally in plaintiff's favor).

■ New York C.P.L.R. § 302(a)(1) provides that a party is subject to personal jurisdiction in New York if it transacts business within the state. A single transaction will support the exercise of jurisdiction, but the cause of action must arise out of the defendant's contact with New York. *Id.; see also Dale* at 2004 WL 2389894 *4–5.

■ "An entity is deemed to be transacting business in New York [under § 302(a)(1) ] when he purposefully avails himself of the privilege of conducting activities within New York." *Turbana*, 2003 WL

22852742 at *4 (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986) (internal quotations omitted)). Factors to be considered are: whether the defendant has an ongoing contractual relationship with a New York corporation, whether the contract was negotiated or executed in New York, whether the defendant visited New York for the purpose of meeting with the parties to the agreement, and the choice of law clause in the agreement. *Id.* (citing *Sunward Electronics, Inc. v. Mc-Donald*, 362 F.3d 17, 22 (2d Cir.2004)). The execution of an agreement in New York, without more, does not constitute "transacting business" in New York for purposes of § 302. *In re Commodore*, 242 B.R. at 254.

Plaintiff does not make any reference, in its brief or the Complaint, to New York C.P.L.R. § 301 (" § 301"), which provides for jurisdiction over a party who regularly transacts business in New York, such that it may expect to be haled into court here even on matters not relating to its contacts with the state. Section 301 may apply here, however, as plaintiff asserts numerous allegations of Isiklar Holdings' general presence in New York.

 New York C.P.L.R. § 301 confers personal jurisdiction over " 'persons, property or status as might have been exercised heretofore,' that is, under the case law in force prior to the enactment of C.P.L.R. § 301." *Dale*, 2004 WL 2389894 at *3 (quoting *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57–58 (2d Cir. 1985)). Section 301 requires "a continuous and systematic course of doing business [in New York] as to warrant a finding of its presence in [that] jurisdiction." *Semi Conductor Materials, Inc. v. Citibank Int'l PLC*, 969 F.Supp. 243, 245 (S.D.N.Y.1997) (internal citations omitted). A corporation is "present and doing business in New York, with respect to any cause of action, related or unrelated to [its] New York

contacts, if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.' " *Dale*, 2004 WL 2389894 at *3 (quoting *Hoffritz for Cutlery, Inc.*, 763 F.2d at 58) (internal quotations omitted). Factors traditionally considered in this analysis include: whether the foreign corporation has a New York office; whether it solicits business in New York; the presence of bank accounts or other property in New York, and the presence of employees in New York. *Id.* at 2004 WL 2389894 *4.

## II. Analysis

### A. Isiklar Holding

Plaintiff makes the following allegations in the Complaint in support of personal jurisdiction over Isiklar Holding:

- Isiklar Holding acquired all of the outstanding stock of two U.S. corporations, including Powell and Minnock, from seller Carmeuse Lime, Inc., a Delaware corporation, by way of a Stock Purchase Agreement, dated April 28, 1994 (the "SPA"). (Cmpl.¶¶ 5, 6.)

- According to the SPA, Isiklar Holding agreed to maintain the physical assets used in Powell and Minnock's business consistent with the past practices of the business, (*id.*), agreed to follow all applicable federal and state laws and was obligated to provide accrued and future pension benefits to eligible employees of Powell and Minnock. (Cmpl.¶¶ 7, 8.)

- Isiklar Holding had Pennsylvania counsel in connection with the SPA. (Cmpl.¶ 18.)

- Isiklar Holding at one time owned property in Coeymans, New York, which it conveyed to P & M Brick, LLC, a New York limited liability company, in 2002. (Cmpl.¶ 11.) Dr.

Unal Gogus ("Gogus") signed the deed in his capacity as treasurer of Isiklar Holding and/or Powell and Minnock. (*Id.*)

● Isiklar Holding is merely the "alter ego" of Powell and Minnock and is "a/k/a," or, also known as, Powell and Minnock. (Cmpl.¶¶ 8, 15, 38.) [5]

● Isiklar Holding is a "single employer" with Powell and Minnock for purposes of ERISA. (Cmpl.¶ 39, 40.)

● Isiklar Holding and/or Powell and Minnock "was an employer affecting interstate commerce and conducted business" in New York. (Cmpl.¶ 43.)

● During the relevant period, Gogus was treasurer of Powell and Minnock, and at the same time was an officer or director of Isiklar Holding and other defendants. (Cmpl.¶¶ 9, 10.)

● Gogus "often" traveled to New York for Isiklar Holding and/or Powell and Minnock business. (Cmpl.¶ 13.)

● Gogus signed at least one letter in his capacity as Powell and Minnock treasurer on Isiklar Holding letterhead. (Cmpl.¶ 12.)

● Isiklar Holding and/or Powell and Minnock entered into collective bargaining agreements and memoranda of agreements with the Local 445, which obligated Isiklar Holding and/or Powell and Minnock to make payments to the Fund.[6] (Cmplt.¶ 8.)

● Gogus represented Isiklar Holding and/or Powell and Minnock in a grievance arbitration with labor unions, including the Local 445 regarding contributions owed to the Fund. (Cmpl.¶ 10.)

● In January, 2003, an arbitrator for the American Arbitration Association (the "arbitrator") concluded that Isiklar Holding was liable for the breach of labor agreements committed by Powell and Minnock for, *inter alia,* failing to pay contributions to "Plaintiff Local 445 Pension Fund." (Cmpl.¶ 14.)

● Isiklar Holding and/or Powell and Minnock "conducted business in the United States and New York by virtue of the operation of its business under the name 'Powell and Minnock Brick Works, Inc.,' located on Route 144 in Coeymans, New York. (Cmpl.¶ 15.)

● Isiklar Holding maintained "minimum contacts with the United States and New York by purposefully availing itself of the privilege of conducting business in the United States and New York as evidenced by its acts and conduct in the two forums which relate to the claims alleged herein." (Cmpl.¶ 16.)

● The Fund is administered in Newburgh, New York. (Cmpl.¶¶ 21, 25.)

▬ These allegations, conclusory though they be, are sufficient to make a

---

**5.** Plaintiff consistently refers to Isiklar Holding as "Isiklar a/k/a Powell and Minnock." As discussed more fully below, while it is not necessary (or possible) at this stage in the proceedings to decide whether these entities are in fact alter egos, allegations in support of this assertion are central to the instant motion. *See United States v. Swiss American Bank, Ltd.,* 191 F.3d 30, 46 (1st Cir.1999) (noting that a court should resolve issues of personal jurisdiction before analyzing whether one entity is the alter ego of another). Thus, where possible, I refer to Isiklar Holding and Powell and Minnock separately, in

order to comprehend the factual allegations relied upon by plaintiff in support of personal jurisdiction over the foreign defendants. For purposes of this motion, I will construe these allegations liberally and assume they apply to Isiklar Holding wherever possible. *See, e.g., Gmurzynska v. Hutton,* 257 F.Supp.2d 621, 625 (S.D.N.Y.2003).

**6.** It is not clear from the Complaint whether these labor agreements were entered before or after the SPA, and thus, whether Isiklar Holding or Powell and Minnock executed them.

*prima facie* showing of personal jurisdiction over Isiklar Holding. Plaintiff is alleging that Powell and Minnock was a corporation doing business in New York, that Powell and Minnock made contributions to the Fund pursuant to an agreement with the Plan, that Isiklar Holding purchased Powell and Minnock and agreed by contract to continue making those contributions (whether as Isiklar Holding or as Powell and Minnock is unclear at this stage). Isiklar Holding is alleged to have entered a contract with the Fund by entering into a contractual relationship via the SPA and the collective bargaining agreements, which obligated the employer to continue providing pension benefits after Isiklar Holding purchased Powell and Minnock. In addition, plaintiff alleges that Isiklar Holding did business in New York under the Powell and Minnock name (it is not clear from the pleadings whether Powell and Minnock has been dissolved or merged into Isiklar Holding or some other entity).

These allegations, at a minimum, state a claim that Isiklar Holding entered into or assumed obligations under a contract in the state of New York and obligated itself to perform that contract on an ongoing basis in New York. Finally, there appear to be allegations that Isiklar Holding is the alter ego of Powell and Minnock, as to which plaintiff is entitled to discovery.

For these reasons, I find that plaintiff has pleaded a *prima facie* case of jurisdiction over Isiklar Holding, and defendants' motion must be denied with respect to that entity. *See, e.g., Dardana Ltd. v. A.O. Yugraskneftegaz,* 317 F.3d 202, 205–206 (2d Cir.2003) (finding plaintiff entitled to discovery on the issue of jurisdiction under Rule 4(k)(2) and N.Y.C.P.L.R. § 301 where defendant was alleged to have signed a contract in New York, were alleged to have solicited and transacted business in New York and planned to issue American Depository Receipts).

## B. Non–Isiklar Holding Defendants

■ The only connection the non-Isiklar Holding defendants are alleged to have to the present action is their affiliation with Isiklar Holding. Specifically, plaintiff claims that:

- The non-Isiklar Holding defendants are members of the "controlled group" of corporations under "common control" with Isiklar Holding. (Cmpl.¶¶ 56–59, 63–65, 70–72, 77–79, 84–86, 91–93, 98–100, 105–07, 112–14, 119–21.), and
- All defendants constitute a "single employer" doing business in New York for purposes of ERISA and MPPAA. (Cmpl.¶ 20, 39, 40.)

There appear to be no separate allegations that the non-Isiklar Holding entities were present doing business in New York or the United States, nor that they were derelict in any individual obligations to the Fund.

These bare statements are not enough to sustain personal jurisdiction—or even discovery on that issue. First, plaintiff conflates ERISA subject matter jurisdiction and the due process analysis required for personal jurisdiction. *See, e.g., International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Even if ERISA considers all the defendants a "single employer" and a "controlled group" under "common control" with Isiklar Holding—issues I need not reach here—it would not empower this Court to impute the actions of one entity to another for purposes of establishing personal jurisdiction over foreign defendants. Only if I were to decide that this Court had personal jurisdiction over the non-Isiklar Holding defendants would I then look to ERISA and MPPAA to determine whether they were jointly and sever-

ally liable for Isiklar Holding's payments due to the Fund under the SPA.

Accordingly, defendants' motion is granted and the case is dismissed with respect to the non-Isiklar Holding defendants. *See, e.g., Dale,* 2004 WL 2389894 at *5 (refusing to order jurisdiction discovery under §§ 301 or 302 or Rule 4(k)(2) where plaintiff failed to make a *prima facie* showing of personal jurisdiction, even though plaintiff did allege that defendant had used a correspondent bank account in New York to further alleged fraud, because defendants had not "projected" themselves into New York to do business); *In re Commodore,* 242 B.R. at 251 (finding no jurisdiction under C.P.L.R. § 301 where plaintiff failed to allege any facts separate from managers' and directors' numerous trips to New York to solicit business); *Turbana,* 2003 WL 22852742 at *2 (finding bank account in New York insufficient to support personal jurisdiction where there was no allegation that defendant transacted business from that account); *Robinson,* 21 F.3d at 511 (phone call to New York insufficient basis for jurisdiction under § 302 where defendants never lived in, worked in, traveled to or through or visited New York); *Mutualidad,* 1998 WL 1108936 at *2 (finding defendant did not "purposefully avail itself of the privileges of conducting business" in the U.S. where plaintiff failed to allege that defendant had property in the U.S., had agents or bank accounts in the U.S., or advertised, made sales calls or otherwise solicited business in the U.S., apart from a contract with a Louisiana entity and allowing its vessel to stop at a U.S. port); *see also, e.g., Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1128 (9th Cir.2002) (noting that personal jurisdiction should be based on a defendant's person or property, not on a statute conferring subject matter jurisdiction).

## Conclusion

For the foregoing reasons, defendants' motion is granted to the extent that this case is dismissed for lack of personal jurisdiction over the non-Isiklar Holding defendants, namely: Isiklar Yapi Holding (World Construction Holding), Isiklar Ambalaj, Isiklar Insaat Malzemeleri a/k/a Isiklar Building Materials, Inc. a/k/a Isiklar Tugla, Isiklar Cemas a/k/a Isiklar Cimtek a/k/a Cimtek Cimento Teknolojisi Muhendislik A.S., Isiklar Nigbas, Isiklar Ozisik, Isiklar Bartin Tugla Fabrikisi Sanayi Ve Ticaret A.S., Isiklar Denizcilik a/k/a Isiklar Denizcilik Ve Ticaret a/k/a Denizcilik Sanayi Ve Ticaret, A.S., Isiklar Pazarlama, A.S., Isiklar Yapi Dekorasyon Sanayi Ve Ticaret A.S.

The motion is denied with respect to defendant Isiklar Holding A.S.

The remaining parties will conduct discovery on the issue of personal jurisdiction over defendant Isiklar Holding A.S. under N.Y.C.P.L.R. §§ 301 and 302 and Fed. R.Civ.P. 4(k)(2) on a schedule to be set by this Court at the previously scheduled conference with the parties on Friday, January 7, 2004 at 9:30 a.m.

Finally, attorneys for defendants, David A. Strassburger and Timothy A. Fedele of the law firm Strassburger, McKenna, Gutnick & Potter, P.C., and Gary Glaser and Paul Galligan, of the firm Seyfarth Shaw LLP, submitted a bare proposed order seeking leave to withdraw on January 3, 2004. They submitted no supporting papers, gave no reason, and included nothing indicating that notice had been given to their clients. I cannot sign this order without more information. The attorneys are ordered to appear for the scheduled conference in this Court on January 7, 2004 at 9:30 a.m., at which time they should be prepared to explain why they wish to withdraw.

*Instruction to the Clerk of the Court*

The Clerk of the Court is instructed to dismiss the case with respect to defendants Isiklar Yapi Holding (World Construction Holding), Isiklar Ambalaj, Isiklar Insaat Malzemeleri a/k/a Isiklar Building Materials, Inc. a/k/a Isiklar Tugla, Isiklar Cemas a/k/a Isiklar Cimtek a/k/a Cimtek Cimento Teknolojisi Muhendislik A.S., Isiklar Nigbas, Isiklar Ozisik, Isiklar Bartin Tugla Fabrikisi Sanayi Ve Ticaret A.S., Isiklar Denizcilik a/k/a Isiklar Denizcilik Ve Ticaret a/k/a Denizcilik Sanayi Ve Ticaret, A.S., Isiklar Pazarlama, A.S., Isiklar Yapi Dekorasyon Sanayi Ve Ticaret A.S.

The case is to remain open with respect to defendant Isiklar Holding A.S.

This constitutes the decision and order of the Court.