■ RICHARD A. BROWN, Respondent, v YEVGENIY RYVKIN, Appellant, et al., Defendants. [913 NYS2d 673]—

In a civil forfeiture action pursuant to CPLR article 13-A, the defendant Yevgeniy Ryvkin appeals from an order of the Supreme Court, Queens County (Hart, J.), dated May 14, 2010, which denied his motion pursuant to CPLR 1317 (2) and 1329 (1) to vacate an ex parte order of attachment of the same court (Buchter, J.), dated October 27, 2008, insofar as it applies to him, and, in effect, granted the plaintiff's cross motion to confirm the ex parte order of attachment insofar as it applies to him.

Ordered that the order dated May 14, 2010, is reversed, on the law, with costs, the motion of the defendant Yevgeniy Ryvkin to vacate the ex parte order of attachment insofar as it applies to him is granted, the plaintiff's cross motion to confirm the ex parte order of attachment insofar as it applies to the defendant Yevgeniy Ryvkin is denied, and the plaintiff is directed to release all property and funds of the defendant Yevgeniy Ryvkin which were levied upon pursuant to the ex parte order of attachment.

In a related criminal prosecution, the defendant Yevgeniy

Ryvkin and five others were charged with crimes including enterprise corruption and insurance fraud for their alleged participation in a scheme to defraud no-fault insurers. The Queens County District Attorney (hereinafter the District Attorney), as "claiming authority" (CPLR 1310 [11]), instituted this civil forfeiture action pursuant to CPLR article 13-A seeking a money judgment in the amount of the proceeds of the alleged criminal scheme. On October 27, 2008, the District Attorney obtained an ex parte order of attachment and thereafter levied upon certain assets of the defendants, including Ryvkin's bank accounts.

CPLR 1317 (2) requires a claiming authority to move within five days of levy to confirm the ex parte order of attachment. It is undisputed that Ryvkin executed a written waiver of the District Attorney's obligation pursuant to CPLR 1317 (2) to move to confirm the attachment, which was effective through January 23, 2009. Meanwhile, in early January 2009, certain of Ryvkin's codefendants revoked similar waivers they had entered into. The District Attorney promptly moved to confirm the attachment of the codefendants' assets. Although the District Attorney had an obligation to serve all parties with those motion papers (see CPLR 1350, 2103 [e]), he failed to serve Ryvkin.

Thereafter, on January 30, 2009, Ryvkin's attorney contacted the District Attorney's office to inquire about the pending motions. During the telephone conversation, an assistant district attorney and Ryvkin's counsel discussed the possibility of "maintaining the status quo" as to the attachment of Ryvkin's assets, but did not mention or discuss the fact that Ryvkin's written waiver had expired. Ryvkin's attorney stated that he would discuss the matter with Ryvkin, but that the decision was the client's to make. Approximately five months later, without further discussions between the attorneys with respect to the attachment, Ryvkin moved to vacate the ex parte order of attachment pursuant to CPLR 1329. The District Attorney, who had never moved to confirm the attachment as to Ryvkin, filed a cross motion to confirm the attachment insofar as it applies to Ryvkin. The Supreme Court denied Ryvkin's motion to vacate and, in effect, granted the cross motion, on the ground that the District Attorney had "substantially complied" with statutory requirements to confirm the attachment. We reverse.

CPLR 1317 (2) provides in pertinent part: "An order of attachment granted without notice shall provide that within a period not to exceed five days after levy, the claiming authority shall move, on such notice as the court shall direct to the defendant, the garnishee, if any, and the claiming agent, for an or-

der confirming the order of attachment. If the claiming authority fails to make such motion within the required period, the order of attachment and levy thereunder *shall have no further effect and shall be vacated upon motion*" [emphasis added].

Under this section, "[a]lthough the provisional remedy of attachment can initially be granted ex parte, a motion to confirm the attachment must be made, on notice, within five days of the levy" (*Morgenthau v Citisource, Inc.*, 68 NY2d 211, 222 [1986]; *see Morgenthau v Avion Resources Ltd.*, 49 AD3d 50, 53 n 3 [2007], *mod* 11 NY3d 383 [2008]). "Because attachment is a harsh remedy, courts have strictly construed the statute in favor of those against whom it may be employed" (*Kornblum v Kornblum*, 34 AD3d 748, 749 [2006]).

Here, the District Attorney failed to move to confirm the ex parte order of attachment within five days of the expiration of Ryvkin's waiver on January 23, 2009. The failure to move to confirm within the statutory time limit rendered the ex parte order without effect (*see* CPLR 1317 [2]). Further, where, as here, the plaintiff fails to timely move to confirm, a motion to vacate the ex parte order must be granted (*see* CPLR 1317 [2]; *Morgenthau v Avion Resources, Ltd.*, 49 AD3d at 53; *see also Nemetsky v Banque de Developpement de la Republique du Niger*, 64 AD2d 694, 695 [1978], *affd* 48 NY2d 962 [1979]; *Thadford Realty Co. v L.V. Income Props. Corp.*, 101 AD2d 814 [1984] [interpreting identically worded portions of CPLR 6211 (b) and 6223]).

Contrary to the District Attorney's contention, upon the record presented here, the defendant Ryvkin did not waive the time limit for moving to confirm the attachment pursuant to CPLR 1317 (2) beyond the expiration date of his written waiver, January 23, 2009. Accordingly, the Supreme Court should have granted Ryvkin's motion to vacate the ex parte order of attachment insofar as it applies to him and should have denied the plaintiff's cross motion to confirm the order of attachment insofar as it applies to Ryvkin. Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.